## Powell v. Commonwealth.

(Decided September 24, 1912.)

Appeal from Estill Circuit Court.

1. New Trial.—A party will not be allowed to speculate upon his chances before a jury with the facts then at his command, and then, if unsuccessful, ask for a new trial so that he might present other facts, which were within his knowledge at the time of the trial, to another jury.

2. New Trial—Newly Discovered Evidence.—Motion for a new trial on the ground of newly discovered evidence should be supported by the affidavit of the witnesses that they will so state, or by some other evidence than the affidavit of the defendant.

KELLY KASH for appellant.

JAMES GARNETT, Attorney General, D. O. MYATT, Assistant Attorney General for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

Appellant was tried in the Estill Circuit Court and convicted of violating the local option law by selling to one Rawlins a pint of whiskey. The prosecuting witness, Rawlins, testified that within twelve months before the charge was instituted, he bought from appellant one pint of whiskey and paid him seventy-five cents for it; that he bought the whiskey at the home of appellant. On cross-examination, he stated that he was sent to jail on a charge of selling the same whiskey to another person; that he swore out this warrant against appellant before the county judge; that he did not state on his trial that he had purchased the liquor from appellant. He also stated that, ''I did not tell Bud Moore nor John Henry in the town or Irvine that I did

not purchase the liquor from defendant, but that he gave it to me."

Appellant testified as follows:

"I did not sell any whiskey to the witness within twelve months before the warrant was sworn out. He came to my house at the time he mentioned, and while I was sick and asked for some whiskey and my wife gave him a pint. He said he was sick and had been on the river."

After his trial was concluded, appellant filed grounds for a new trial, in which he stated, in substance, that some time before his case was called for trial, he was informed by the Commonwealth's Attorney of that district that the case against him had been dismissed and would not be called; that he had not summoned his witnesses nor employed counsel; that on the day he was tried he was called to the courtroom, where he found that a jury had been impaneled and the prosecuting witness examined in chief; that he then employed counsel, who examined the witness with the result stated. He also stated that he could prove by divers witnesses, among them Bud Moore and John Henry, that Rawlins stated to them that he had not purchased the liquor in question from appellant, but that appellant's wife gave him the whiskey; that he could prove by a number of witnesses that the reputation of Rawlins for truth and veracity in the community where he lived, was bad; and gave the names of several witnesses who would give such testimony. He did not state, however, where any of these witnesses or Bud Moore and John Henry lived; nor did he state whether or not any of them were in the town on the day of the trial. He does not even state whether they lived in the county of Estill or within the jurisdiction of the court. He gave no reason why he failed at the time of his trial to inform the court and his counsel of these facts. If they had been made to appear to the court, there is little doubt but that the court would have discharged the jury and granted him a continuance of his case at that time, or at least given him a reasonable opportunity to have his witnesses present, but these facts were not made known until after his conviction.

This court has often decided that a party will not be allowed to speculate upon his chances before a jury with the facts then at his command, and then, if unsuc-

cessful, ask for a new trial so that he might present other facts, which were in his knowledge at the time of his trial, to another jury. This would not be fair to the court, and its time is too valuable to be hindered in the disposition of litigation in any such manner. The State furnishes the court and juries at a great expense, and it should not, under the facts and circumstances of this case, be burdened with another trial of it. We deem it unnecessary to cite authorities sustaining this statement, as this court has frequently passed upon it.

In addition to what we have said, appellant did not support his statement by the affidavits of the witnesses or anyone else, as to what he could prove by them in the event a new trial was granted him. This was necessary. See the case of Bowling v. Commonwealth, 148 Ky., 9.

The court did not err in overruling the motion for a new trial, therefore, the judgment is affirmed.