## Traynor v. Commonwealth.

(Decided September 24, 1912.)

### Appeal from Jefferson Circuit Court (Criminal Division).

New Trial—Newly Discovered Evidence.—A new trial will not be granted on account of newly discovered evidence which is merely cumulative and would not have a decisive effect on the result if introduced on the trial.

CLEM HUGGINS, FRANK COYLE for appellant.

JAMES GARNETT, Attorney General, CHAS. H. MORRIS, Assistant Attorney General for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

John Traynor was indicted in the Jefferson Circuit Court for the murder of Charles Comstock. On the trial of the case before a jury, he was found guilty of voluntary manslaughter, and his punishment fixed at confinement in the penitentiary for not less than two nor more than twenty-one years. He entered a motion for a new trial, on the ground of newly-discovered evidence, and the motion being overruled, he appeals.

The only ground relied on for reversal is that the court should have granted a new trial on account of the newly discovered evidence, which consisted of the testimony of Henry J. Dolle. The homicide occurred in Louisville on the night of February 14, 1911, at the corner of Twenty-fifth street and Griffith avenue. It appears from the affidavits filed for a new trial that the defendant did not know that Dolle was present, or didn't know what he would testify to, until after the trial. The Commonwealth introduced on the trial, five or six witnesses who were present and saw part or all of what transpired. According to their testimony, Traynor drew his pistol and shot Comstock when Comstock was unarmed and making no effort to hurt him. On the other hand, the defendant testified that when he shot Comstock, the latter was advancing on him with a knife and had cut him with it, and that he did not shoot until Comstock had knocked him to his knees. The affidavit of Dolle states what occurred practically

just as the defendant states it, and it is earnestly insisted for him that if this testimony had been heard on the trial it might have changed the result.

The rule is that a new trial will not be granted on account of newly discovered evidence which is merely cumulative, and would not have had a decisive effect on the result of the trial if it had been introduced. The testimony of Dolle, while it sustained the testimony of the defendant, is inconsistent with the testimony of every witness introduced on the trial by the Commonwealth. It is also inconsistent with the defendant's conduct and declarations, during the difficulty and just after it. There is another circumstance in the case to which the jury evidently gave great weight. The defendant testified that he did not shoot Comstock until Comstock had cut him on the arm with a knife, and had cut his clothes in more than one place. These clothes were produced before the jury on the trial, and they did not sustain his testimony. When this was shown to him in the presence of the jury, he was unable to explain the discrepancy, and we think it reasonably clear that if Dolle had testified on the trial, his testimony could have had no decisive effect upon the result, in view of the facts we have stated.

The granting of new trials upon newly discovered evidence is not to be encouraged, for if such was the case parties would not be diligent in hunting up their witnesses before the trial, and the setting aside of verdicts would make the administration of justice uncertain. Ordinarily, the diligence that will find a witness after a trial will find him before the trial, if proper precaution is taken.

On the whole case, we do not see that the circuit court abused a sound discretion in refusing to grant a new trial.

The conclusion we have reached makes it unnecessary for us to pass upon the questions raised by the appellee.

Judgment affirmed.