## Knight v. Commonwealth.

(Decided June 13, 1916.)

### Appeal from Muhlenberg Circuit Court.

1. Appeal and Error—When Judgment Will Not Be Reversed.—A judgment will not be reversed simply because the verdict of the jury is against the evidence of the greater number of witnesses.

2. New Trial—Newly Discovered Evidence—Impeachment.—A new trial will not be granted on the ground of newly discovered evidence which tends only to discredit or impeach a witness.

C. A. DENNY for appellant.

M. M. LOGAN, Attorney General; CHAS. H. MORRIS, Assistant Attorney General; JAS. R. MALLORY, Commonwealth Attorney; W. H. GRAY, County Attorney, and HUBERT MEREDITH for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellant, Marvin Knight, and Marion Samples, were indicted by the grand jury of Muhlenberg county for banding themselves together and going forth with others, unknown to the grand jury, for the purpose of intimidating and alarming W. H. Chumley and others in violation of section 1241a of the Kentucky Statutes.

Appellant being tried alone was convicted and his punishment fixed at confinement in the penitentiary for not less than one year nor more than three years. His motion for a new trial having been overruled, he is seeking a reversal here: (1) Because of the rejection of certain evidence offered on his behalf; (2) error in refusing a new trial upon the ground of newly discovered evidence, and (3) because the verdict of the jury is against and not supported by the law and the evidence, the last of which we will consider first.

1. The Commonwealth's witness, Wm. Chumley, testified that on the night of July 6, 1914, after midnight, a mob of one hundred and fifty to two hundred men came to his residence, struck the end of the house with a heavy timber, threw bricks into the house through the window, fired over a thousand shots into the air and into the house and demanded of the witness that he come outside; that after he had gotten on his clothes, he "opened the hall door and looked out. Marvin Knight was standing right at the corner of my parlor, and I said to him, Marvin, when you come in here I am going

to kill you. He says, we are not going to kill you,
and we don't want to burn up your nice furniture, but
if you don't come out, we will have to do it. I says,
I am not going out without going out dead, and if you
come in here, you will go out dead.''

"Q. Was that Marvin Knight? A. Yes, Marvin
Knight. Q. Is that the man there? A. Yes, I knew him
as well as I know him now; I know I wasn't mistaken.
Q. Was he masked? A. No, in his shirt sleeves and had
on a straw hat. Q. How long had you known him at that
time? A. Over a year; been working there over a year.
Q. Have you any doubt about that being him? A. No,
none in the world; I am sure it was him; I was talking
to him, and I know it was him.''

Mrs. Chumley testified in substance the same as her
husband except that she did not recognize any of the
participants, but that she did hear her husband say to
Marvin Knight, calling his name, in substance what her
husband testified he said to him.

Chumley's account of the disturbance is corroborated
by other witnesses, but no other witness testified that
appellant was present or participated in the outrage.

Appellant denied that he was present, and to estab-
lish an alibi introduced as witnesses, besides himself,
Jim Kirby, Mrs. Polly Jenkins, Miss Della Jenkins and
Mrs. Ella Kirby, all of whom, except Mrs. Polly Jen-
kins, testified that within five or six minutes after the
disturbance had ceased they went to appellant's home
and found him there in night attire. Mrs. Polly Jen-
kins, appellant's mother-in-law, testified before the exam-
ining trial and her testimony, as given then, was read
to the jury, in which she stated that she was staying at
appellant's home that night; that she was awakened dur-
ing the disturbance; that she saw and heard appellant
talking to his wife during the time of the disturbance;
that he was not out of his home during that time.

Because of the fact that appellant's testimony, in
numerical strength, exceeded that of the Commonwealth,
appellant insists that the verdict is flagrantly against
the evidence, and for that reason he is entitled to a re-
versal. To this we cannot agree, as it is the peculiar
province of the jury to weigh the evidence, fix its value
and determine an issue of fact such as this, and this
court is not authorized to reverse a judgment based upon
such a verdict simply because the finding is against the

evidence of the greater number of witnesses. Bast v. Commonwealth, 124 Ky. 747, and many other cases. The jury had the witnesses before them and heard their testimony, and we cannot say the testimony is flagrantly against or not supported by the evidence.

2. Appellant's witnesses, Jim Kirby, Della Jenkins and Ella Kirby, are relatives of his wife, and each of them was asked to explain how it was that they happened to go to appellant's home in the night time so soon after this disturbance, and the avowal is made that one of these witnesses, if permitted to answer, would say that the reason she went to appellant's home at that time was because of the fact his wife, her sister, was to become a mother in six weeks or two months, on account of which fact she was apprehensive of the effect this disturbance so near to her home might have upon her.

None of these witnesses were permitted to explain why they went to appellant's home at that time, and the exclusion of this evidence is the first reason for reversal urged upon us by appellant. His counsel insists that this evidence was competent, and clearly it was, but we cannot agree that its exclusion was prejudicial to appellant. It is shown in the evidence that these witnesses lived fully as far or farther from appellant than he lived from Chumley's home, and that after the disturbance ceased they had to dress before starting to his home. This evidence accepted at its face value does not contradict Chumley's evidence that appellant was present and participating during a part of the disturbance, because he could have been present during the whole of the disturbance and reached his home before these witnesses, so that their testimony was not of controlling character, and that they were not permitted to explain how they happened to go to his home cannot be said to have been prejudicial to appellant. Their evidence only establishes that appellant was in his home, which was only two hundred yards from the home of Chumley, about five minutes after the end of the disturbance, and is not in conflict with any of the Commonwealth's testimony.

3. While it is true that this court, since the enactment of the amendment of section 281 of the Criminal Code in 1910 is authorized to review the action of the trial court upon a motion for a new trial, we fail to find in the court's action in this case an abuse of a sound discretion or any error justifying a reversal. The testi-

mony of the witnesses, Rousseau Smith and James M. Smith, alleged to have been newly discovered, was contained in the affidavit made by appellant in support of his motion for a continuance and actually read to the jury as the testimony of Rousseau Smith, so that we can not conceive upon what idea it is argued that this is newly discovered evidence, and the court certainly was not in error in refusing to grant a new trial because of this evidence.

The other alleged newly discovered evidence is the affidavit of several witnesses that they knew the general reputation in that neighborhood of the Commonwealth's witness, Wm. Chumley, for truth and veracity, and that it was bad. If such evidence as this could furnish a reason for a new trial every defendant could always have two trials, one upon the evidence of the facts and another to test the character of the witnesses giving the evidence, and he would thus be charged with no duty of diligence upon the first trial as to the character of the Commonwealth's witnesses. This is not the law, and this court has frequently held that a new trial will not be granted on the ground of newly discovered evidence which tends only to discredit or impeach a witness. South Cov. & Cin. St. Ry. Co. v. Lee, 153 Ky. 621; L. & N. R. Co. v. Tinkam's Admx., 19 K. L. R. 1784; Louisville Ins. Co. v. Hoffman, 24 K. L. R. 980.

Perceiving no prejudicial error upon the trial, the judgment is affirmed.