## Lewis v. Commonwealth.

(Decided December 17, 1920.)

### Appeal from McCreary Circuit Court.

1. Rape—Carnal Knowledge of Female Under 16 Years of Age.—
   Carnal knowledge of a female under 16 years of age is prohibited by section 1155, Ky. Stats., and one who admits having had such relations with a female whose age is shown not to have exceeded 16 years at the time, is guilty of the crime condemned by the statute aforesaid.

2. Rape—Extent of Proof of Which Defendant Should Be Apprised
   —New Trial.—Other than the information conveyed through the

charge set out in the indictment, the Commonwealth is not compelled to apprise defendant of the nature of the proof it intends to introduce and defendant is not entitled to a new trial on the ground of surprise when, assuming the prosecuting witness would claim she was not 16 years old on a given date, he prepares his case accordingly, but upon the trial said witness admitted she was over 16 years old on said date. The only question for the jury was whether the girl was over 16 years of age at the time the crime was committed.

3. A party taken by surprise during the progress of a trial should ask for a continuance and postponement of the case; he cannot go on with the trial and take his chance of a verdict and failing in that then seek a new trial.

4. Criminal Law—New Trial.—Claim of surprise first made on a motion for a new trial comes too late.

5. Criminal Law—New Trial—Newly Discovered Evidence.—The courts should grant a motion for a new trial on the ground of newly discovered evidence when, on account of its materiality and probable effect, a manifest injustice would result from a failure to allow its introduction.

6. Criminal Law—New Trial—Newly Discovered Evidence.—Newly discovered evidence of an impeaching and cumulative nature and not of so controlling a character as is reasonably calculated to have a decisive influence on a retrial, is not ground for a new trial.

7. Criminal Law—New Trial—Newly Discovered Evidence.—To entitle a party to a new trial on the ground of newly discovered evidence, the new evidence must be important and have been discovered after the rendition of the verdict.

8. Criminal Law—Misconduct of Jury—Discharge of Jury.—On a motion to discharge the jury on the ground of misconduct of one of their number where evidence was heard on the motion and this evidence is not before us, the presumption prevails that the conclusion of the trial court in overruling the motion is correct.

STEPHENS & STEELY and JOHN W. SAMPSON for appellant.

CHARLES I. DAWSON, Attorney. General, and W. P. HUGHES for appellee.

## Opinion of the Court by Judge Quin—Affirming.

Appellant, a married man and a grandfather, was indicted, upon trial found guilty and given the minimum term of ten years in the penitentiary for the crime condemned by Kentucky Statutes, section 1155, to-wit, carnally knowing a female under the age of sixteen years.

Accused admitted he had had improper relations with the prosecuting witness on several occasions, some of which took place in the home of his daughter.

He seeks absolution from punishment on the plea that the subject of his lustful acts was over sixteen years of age.

According to the girl's testimony she was only fourteen years old at the time the crime was committed; this is corroborated by her father, nor is there any substantive evidence she was older.

The girl's age thus conclusively established and the illicit conduct admitted, it necessarily follows that appellant is guilty.

A new trial was asked on the ground appellant was taken by surprise in the testimony given by the girl that the sexual relations with her began prior to January, 1919, and because she admitted she was over sixteen years old in January, 1919.

Counsel says that accused thought the girl was going to claim she was under the statutory age on the date last above mentioned and he was prepared to meet such proof by showing she was then over sixteen, and he had prepared his case accordingly. The date of the girl's birth is a fixed event and except for a spiritual birth, one cannot be born again. She could not have changed her birthday. Whether she had attained the age of sixteen at the time referred to was a question for the jury and its verdict of her non-age is supported by the evidence. Other than the information conveyed through the charge set out in the indictment; the Commonwealth was under no duty to apprise appellant of the nature of its proof, and the sufficiency of the indictment is not attacked. Brock v. Commonwealth, 33 R. 630, 110 S. W. 878. Furthermore, a party taken by surprise during the trial of a case should ask that the swearing of the jury be set aside and the case postponed, otherwise alleged surprise in the testimony of a witness affords no ground for a new trial. A party surprised cannot go on with the trial and take his chance of a verdict, or, failing in that, seek a new trial. Liverpool, &c., Ins. Co. v. Wright, &c., 158 Ky. 290, 164 S. W. 952; Sizemore v. Commonwealth, 189 Ky. 46, 224 S. W. 637.

In the present case the claim of surprise was first made in the motion for a new trial and this was too late.

The discovery of new evidence was also advanced as a ground for new trial. The courts should grant a new trial for this reason when, on account of the materiality

and probable effect of such evidence, a manifest injustice would result from the failure to allow its introduction. But where, as here, the offered testimony is merely of an impeaching and cumulative nature and is not of so controlling a character as would be reasonably calculated to have a decisive influence upon a retrial, or such as would probably change the verdict, it is not error to overrule a motion for a new trial on this ground. Gravitt v. Commonwealth, 184 Ky. 429, 212 S. W. 430; Johnson v. Commonwealth, 188 Ky. 391, 222 S. W. 106.

Then too the newly discovered evidence must be important and have been discovered since the verdict was rendered. Criminal Code, section 271. It is shown by the affidavit of the county attorney who assisted in the prosecution of the case in the county court, that defendant sought a continuance in that court because of the absence of the identical witnesses, four in number, upon whose statements he now seeks to rely as newly discovered evidence. .

This of course he cannot do. Knight v. Commonwealth, 170 Ky. 763, 186 S. W. 667; Home Insurance Co. v. C. N. O. & T. P. Ry. Co., 182 Ky. 778, 207 S. W. 487.

Misconduct of one of the jurors is next urged for a reversal. It is claimed that during the progress of the trial, this juror expressed the opinion there was nothing to do but to convict appellant. Criminal Code, section 244, provides that in the trial of offenses other than those involving capital punishment, the court may permit a separation of the jurors until the case is submitted. When this' matter was brought to the court's attention by a motion to discharge the jury and continue the case, the record shows that the court, after hearing testimony for and against the motion, overruled same. This evidence is not before us, in its absence we cannot review the action of the court in overruling the motion. Nothing to the contrary appearing, the presumption prevails that the ruling of the trial judge on the motion was correct.

In Hall v. Commonwealth, 189 Ky. 72, 224 S. W. 492, will be found a case involving many of the questions raised on the present appeal.

Finding no grounds justifying a reversal of the judgment of conviction same must be and is accordingly affirmed.