## Helton v. Commonwealth.

(Decided October 13, 1925.)

### Appeal from Clay Circuit Court.

1. Homicide—Verdict of Guilty of Manslaughter Held Not so Flagrant as to Authorize Setting Aside.—In prosecution for murder, where one taxicab driver shot another in quarrel after collision,

verdict of guilty of manslaughter held not so flagrantly against the evidence as to authorize setting it aside.

2. Criminal Law—Overruling Motion for Continuance Held Not Prejudicial Error.—Where order for change of venue was entered several months after homicide, and accused had been free on bail, and practically all accused's witnesses were present at the trial, depositions being allowed to be read as to those absent, overruling motion for continuance was not prejudicial error.

3. Homicide—Failure to Refer to Abandonment of Difficulty by Accused in Qualifying Self-Defense Instruction Not Error, where Evidence did Not Show Such Abandonment.—In prosecution for murder, where, in qualifying self-defense instruction, no reference was made to an abandonment of difficulty by accused, he was in no way prejudiced where there was no evidence showing abandonment, and accused had testified there was no stop in shooting from time it commenced until it was all over.

4. Criminal Law—Failure of Accused to File His Own Affidavit, Showing Lack of Knowledge of Newly Discovered Evidence, and that he Used Due Diligence to Discover it, Precluded Consideration Thereof.—In prosecution for murder, filing of affidavits of sheriff that pistol, when removed from deceased's hand, was fully discharged, also affidavit of counsel that he did not know of this evidence until after trial, will not permit consideration of evidence, although material, in absence of filing of accused's affidavit showing ignorance of the evidence and use of due diligence to ascertain it.

5. Criminal Law—Testimony of Witnesses, Relating to Acts and Conduct of Witnesses Alone, Properly Excluded.—In prosecution for murder, exclusion of testimony. to the effect that witness begged party in car with deceased to leave, because of drunken condition of deceased, and testimony of another witness that he refused to bring deceased into town because of drunken condition, was properly excluded as pertaining to acts and conduct of witnesses.

G. J. JARVIS for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

Henry Helton and Pink Fultz were jointly indicted in the Harlan circuit court charged with the murder of Harmon Hall. A change of venue was granted to the Clay circuit court on motion of the Commonwealth. In a separate trial in that court Helton was convicted of manslaughter and his punishment fixed at 21 years in the penitentiary.

As grounds for reversal he urges that the verdict is not sustained by the evidence and that the court erred (1) in overruling his motion for a continuance (2) in the admission and rejection of evidence; (3) in its instructions; (4) in not sustaining a motion for a new trial on the ground of newly discovered evidence.

The homicide occurred late in the afternoon about the last of March 1924, on a public highway nearly one mile from the town of Harlan. Helton and Hall were young men, each of them being engaged in the operation of a taxicab, and, present at the arrival of the train at Harlan depot at five o'clock. A few minutes after the train's departure two girls, Rosie and May Johnson, engaged Hall to carry them to Chevrolet, some four or five miles distant. Two young men, Herman Noe and Dewey Earl, were also in the car. Shortly after they left the station, Helton started on the same road to carry his father-in-law and mother-in-law, Pink and Leila Fultz, to their home on Martin's fork, and overtook Hall, who turned to one side for him to pass. At this point the road is upgrade and Helton ran on for about 150 yards, when, according to the witnesses for the Commonwealth, he suddenly stopped in the middle of the road without any warning. Hall applied the emergency brake but could not stop the car, which ran into the rear of the front machine. Helton jumped out of his car with a pistol in his hand and pressed the pistol in Hall's car; one of the girls knocked his hand up and the pistol was discharged. Hall said, "Lord have mercy, don't do that," and Noe proposed for Helton to take the car back to town and that he would pay the damage; that Helton said, "To hell you will;" that Hall then cursed Helton and told him that he ought not to have stopped in the center of the road; that Helton backed and continued to shoot at Hall, and in the meantime the girls and young men got out of the machine; that Fultz came back, raised the curtain of the car and fired into it.

Helton testified that he did not know Hall or any of the other occupants of the car except one of the girls, and bore no ill will toward any of them; "that without any warning Hall's car collided with the rear of his machine and threw his mother-in-law out upon the road; that Pink Fultz got out to assist her and that he went back to learn the damage and ascertained that his fender was bent and

a tire knocked off; at that time a girl was climbing out of the front of Hall's car into a rear seat and he saw Hall's pistol sticking up; that Hall said, "Get that G— d— car out of the road, you G— d— s— of a b—,' and he said, 'Let's not have any trouble about this;' that Hall dropped his pistol down and he turned back to look at his fender, when a shot was fired. He asked, 'Who was that shot?' and said, 'Whoever it was, stop it, let's not have any trouble about this.' One of them said, 'If your car is torn up I will pay for having it fixed,' and I said, 'That is all right, just so I get it fixed up,' and Hall said, 'Get that G— d— car out of the road,' and poked his pistol out over the door and hit me twice, glanced my arm. I whirled around, jerked my pistol out and went to shooting." The pistol was in his overcoat pocket; that he or his clothes together were hit four or five times; he further testifies that from the time Hall fired the first shot and he started to shoot back there was no stop in the shooting until it was all over.

Helton's evidence is in part corroborated by Pink Fultz and his wife and to some extent by several other witnesses who were four or five hundred yards distant and who stated that they could see the flashes of the pistols and that the first shots were fired from the rear car.

The four occupants of deceased's car practically agree in their testimony; they deny that any shots were fired by any of its occupants, although it clearly appears that there were from eight to ten shots fired, and that after the shooting Hall was found dead with his left arm on the steering wheel and a pistol tightly clenched in his right hand. While they are contradicted in some particulars and were evidently mistaken as to the number of shots fired, and as to no shots being fired by deceased, it was the province of the jury to reconcile the conflicting statements and to determine the weight to be given the evidence on the material facts, and we cannot say that the verdict was so flagrant as to authorize us to set aside the verdict.

(2) The order for the change of venue was entered on the — day of July, 1924. This was several months after the homicide, and ample opportunity had then been afforded defendant to develop his case. He was admitted to bail and thus given his freedom. On the first day of the Clay circuit court, it being the — day of August, 1924, on his own affidavit he was permitted to defend his case

*in forma pauperis,* and an order was entered directing the attendance of his witnesses at the expense of the Commonwealth. A subpoena was issued for the witnesses and Helton was appointed by the sheriff of Harlan county as special bailiff to execute that subpoena. Practically all of the witnesses were present at the trial and the court permitted the affidavit of appellant to be read as the deposition of those who were absent. Consequently the order overruling the motion for continuance was not prejudicial error.

(3) The only error claimed in the instructions is that in qualifying the self-defense instruction no reference is made to an abandonment of the difficulty by appellant. In this respect the instruction was proper, as there was no evidence showing abandonment and appellant himself had testified that there was no stop in the shooting from the time it commenced until it was all over. Certainly he was in no way prejudiced by this instruction.

(4) As to newly discovered evidence, appellant filed the affidavits of the sheriff and undertaker to the effect that the pistol when removed from Hall's hand was fully discharged and contained six empty cartridges, and also the affidavit of his counsel stating that he did not know of this evidence until after the trial. This evidence is material, but unfortunately for appellant he did not file his own affidavit showing that he was in ignorance of the fact or that he had used due diligence to ascertain it, hence it cannot be considered as a ground for a new trial. Oakley v. Commonwealth, 158 Ky. 474; Ellis v. Commonwealth, 146 Ky. 715.

(5) It is urged that the court erred in excluding certain parts of the affidavit used as the deposition of absent witnesses tending to show that deceased was drunk at the time of the homicide, the matter excluded being, "and that he (witness) begged one of the boys who was in the car with deceased to get out and go home because of the apparent drunken condition of said Harman Hall," and in the deposition of another witness the following matter was excluded: "But he (the witness) refused to bring him (Hall) into town because of his drunken condition."

It will at once be perceived that the excluded matter related alone to acts and conduct of the witnesses and not to anything that was said or done by deceased. The statement of the witnesses that deceased was drinking

was admitted, and manifestly the excluded evidence was incompetent and should have been omitted. On the whole case we see no grounds for reversal.

Perceiving no error the judgment is affirmed.