### Pierce v. Commonwealth.

(Decided May 11, 1926.)

Appeal from Jefferson Circuit Court
(Criminal Division).

1.  Criminal Law—*Ground in Motion for New Trial, Not Referred to in Brief May be Deemed Abandoned and Need Not be Noticed.*— Ground in motion for new trial, not referred to in brief, may be deemed abandoned, and need not be noticed by appellate court.

2. Criminal Law—Ground in Motion for New Trial that "Court" had Discovered New Evidence Held Insufficient.—Ground in motion for new trial that' "court has discovered new evidence," material in defense, which defendant did not know of before trial, held insufficient.

3. Criminal Law—Newly Discovered Evidence Will Not be Considered by Court of Appeals, where Defendant Filed no Affidavit Showing Such Testimony, and there was no Affidavit of Supposed Witness.—Newly discovered evidence, as ground for new trial, will not be considered by Court of Appeals, where defendant filed no affidavit showing such testimony, and there was no affidavit of supposed discovered witness.

4. Criminal Law.—Motion for continuance because of absent witnesses should show that diligence was exercised to procure their attendance.

5. Criminal Law—Affidavit for Continuance, Stating that Absent Witnesses would Testify that Defendant was Not at Fault, and Prosecuting Witness was Negligent, Held Insufficient Because Stating Conclusions.—In prosecution of taxi driver, who ran into street car conductor, for assault and battery, affidavit for continuance, stating that absent witnesses would testify that defendant was not at fault, but did all in his power to prevent accident, and that prosecuting witness was negligent, held insufficient, as stating merely conclusions.

6. Criminal Law—Overruling Motion for Continuance at Indictment Term Held Not Reversible Error, where Affidavit of Absent Witnesses was Read to Jury, Though Truth was Not Admitted (Criminal Code of Practice, Section 189, as Amended Acts 1920, c. 57).—Overruling motion for continuance at indictment term held not reversible error, where affidavit of absent witnesses was read to jury as their testimony, though Commonwealth did not agree that such testimony was true, in view of Criminal Code of Practice, section 189, as amended by Acts 1920, c. 57.

7. Automobiles—Evidence Held to Support Finding of Taxi Driver's Negligence (Ky. Stats., Section 2739g-46).—Evidence held to support finding that taxi driver who ran into street car conductor was negligently operating automobile, where he attempted to pass standing street car, contrary to Ky. Stats., section 2739g-46, without giving signal.

HICKS & ROSE for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS— Affirming.

The appellant, Kenneth Pierce, was indicted by the Jefferson county grand jury for the offense of assault and battery committed by unlawfully running his taxi-

cab, which he was operating on Portland street in the city of Louisville, against and severely injuring L. S. Kittle, who was conductor on a street car that ran on the same street. A trial resulted in his conviction and a punishment of a fine of $50.00 and 60 days' confinement in the county jail. His motion for a new trial was overruled and from the judgment pronounced on the verdict he prosecutes this appeal.

The motion for a new trial contains four grounds: (1) that the court erred in overruling defendant's motion for a continuance because of absent witnesses; (2) that the verdict is contrary to the evidence; (3) the admission of incompetent testimony offered by the Commonwealth, and (4) newly discovered evidence material to the defense.

Ground (3) is not referred to in brief of counsel for appellant, which is sufficient to authorize us to conclude that it has been abandoned, and for that reason should not receive further notice by us. But if it were otherwise, then we fail to find in the record any testimony objected to by defendant to which the court did not sustain the objection. There were but few objections made by defendant to evidence offered by the Commonwealth, and they were so immaterial that if the court had not ruled as indicated a reversal would not be authorized under the practice requiring that no reversal should be ordered except for an error prejudicial to the substantial rights of the defendant.

Ground (4) is stated in the motion for a new trial in this language: "Because the *court* has discovered new evidence which would be very material in his defense and which the defendant did not know about before the trial." (Our italics). It requires no argument to show that on its face that ground is altogether insufficient; but, waiving any such defects, there was no affidavit of the defendant filed showing what was the alleged discovered testimony by the court, nor was there any affidavit of any supposed discovered witness, and it is, therefore, equally plain that this ground can not be considered by us, even if it was insisted on for reversal. Having disposed of those two grounds, we will now briefly consider grounds (1) and (2), which are the only ones discussed in brief.

The affidavit for a continuance, omitting signature and jurat, says: "The affiant, Kenneth Pierce, being duly sworn, states that he is the defendant in the above styled

action and that the witnesses, Thomas B. Scott, Pat Riley, and R. T. Rabon, are material witnesses in his defense; that they each saw the accident and would state that it was not his fault and that he did all in his power to prevent the accident, but that the prosecuting witness negligently and carelessly ran in front of his machine; that he has done all in his power to have the witnesses present on this day and cannot get a fair trial without them being present, and the admission as to what they would state would not be like their testimony." It will be observed that it does not appear that defendant exercised any diligence to procure the attendance of either of the alleged absent witnesses. However, if that defect had been supplied, then the affidavit states only conclusions of the witnesses with no facts supporting them, and for that reason it is wholly insufficient. But if we should waive the named defects the overruling of the motion would not be grounds for reversal, since the court allowed the defective affidavit to be read to the jury as the testimony of the alleged absent witnesses. Counsel, however, insists that since the trial was at the indictment term his client was entitled to a continuance, unless the Commonwealth would agree that the testimony of the absent witnesses was true, and he relies upon section 189 of the Criminal Code and several cases from this court, the latest of which is Breeden v. Commonwealth, 151 Ky. 217, in support of that position. Those cases were decided before the amendment to the section by the legislature at its 1920 session, and which amendment is chapter 57, page 244 of the Session Acts for that year. Prior to that amendment the Commonwealth could not demand a trial of a criminal prosecution at the indictment term without admitting as true the statements of absent witnesses if a continuance was asked upon that ground. But the amendment only required the Commonwealth to admit at that term that the alleged absent witnesses would testify to the facts stated in defendant's affidavit the same as was permitted by section 189 before the amendment as to trials had subsequent to the indictment term. So that, the cases upon which defendant relies are not applicable since the taking effect of the 1920 amendment. This ground must, therefore, be overruled.

Ground (1) is also without merit. Without detailing the testimony it is sufficient to say that it authorized a finding, and which the jury no doubt did, that defendant was running his automobile at an excessive and reck-

less rate of speed, and that he attempted to pass a stand-
ing street car contrary to the provisions of section
2739g-49 of our present statutes.    There was also testi-
mony that he gave no signal by horn or otherwise of his
intention to pass the car so as to notify anyone alighting
therefrom of his purpose to do so.    In short, it is our
conclusion without reciting the testimony that it abund-
antly supported the verdict of the jury in finding that
defendant was negligently operating his automobile at
the time, and this ground can not be sustained.    There
is no complaint of the instructions.

Wherefore, the judgment is affirmed.