## Hunley v. Commonwealth.

(Decided June 18, 1926.)

### Appeal from Metcalfe Circuit Court.

1. Criminal Law.—Newly discovered evidence held insufficient to show that defendant was 18 years of age when charged with maintaining a common nuisance so as to preclude court, in view of Ky. Stats., section 2095b-13, from committing her to the school of reform.

2. Criminal Law.—In absence of evidence on which finding of trial court was based, it will be presumed on appeal to support finding rather than militate against it.

3. Criminal Law.—Affidavit of defendant, showing no want of diligence in failure to present newly discovered testimony at trial, is necessary to grant of new trial.

TERRY & ROMINES for appellant.

FRANK E. DAUGHERTY, Attorney General, and JAMES TUDOR, County Attorney, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The appellant was presented in the county court of Metcalfe county as a juvenile delinquent. By proper orders her case was transferred to the Metcalfe circuit court for action. The grand jury of Metcalfe county thereupon indicted her for maintaining a common nuisance in that she maintained a place where she "knowingly, wilfully and unlawfully permitted evil disposed

persons to habitually frequent, then and there to indulge in lascivious conduct with both white and colored." At the same time, pursuant to section 2095b-13 of the statutes, the grand jury made a written report and recommendation to the circuit judge to the effect that they had investigated the charge against appellant for which they had indicted her and found that she was born on January 20, 1909, and was then 17 years of age; that they had found sufficient evidence to put her on trial for the offense for which they had indicted her, and that they had found that her parents were of such immoral and depraved character and habits that they were incapable and unwilling to exercise the care or discipline necessary to maintain a suitable home for her or to properly have her custody, and that they therefore recommended that appellant be committed to the school of reform until she became 21 years of age. Appellant pleaded guilty to the indictment and the jury fined her $25.00. The court thereupon entered judgment on that verdict, and finding that appellant was then under 18 years of age further committed her to the school of reform as recommended by the grand jury. On the day after this judgment was entered, the appellant filed motion and grounds for a new trial, claiming that since her trial she had discovered that she was over 18 years of age and that therefore the court was without power to commit her to the school of reform. In support of this motion she filed the affidavit of Mrs. Julia Ward, who claimed to be the midwife who attended her mother at the time of her birth, and a paper which the Commonwealth consented be read as the affidavit of her mother and father, although it was neither signed nor sworn to by either of them. She also referred to a certain birth record of a Dr. J. H. Owens, but which birth record was not brought to this court, and therefore what it contains we do not know, although counsel for appellee informs us in his brief that it was the birth record of a male child. As he well says: "Appellant is by no means a male child." The court overruled appellant's motion and grounds for a new trial, and she brings this appeal, seeking to set aside so much of the judgment as commits her to the school of reform.

The affidavit of Mrs. Ward is totally inadequate as she does not undertake to say when appellant was born. Considering the fact that appellant's mother and father had, in the county court, represented that appellant was only 17 years of age, and a short time thereafter, on her

trial in the circuit court; made no denial of this representation, and that only after appellant's trial were their minds suddenly refreshed as to when she was born, we think the trial court was well warranted in giving but little credence to their affidavit filed by appellant. As stated the birth record of Dr. Owen is not before us and in its absence it must be presumed that, if present, it would support rather than militate against the court's finding. Lastly, the appellant did not file her own affidavit to show no want of diligence on her part in her failure to present this testimony at her trial. This we have held must be done in order to warrant the granting of a new trial on the grounds of newly discovered evidence. Oakley v. Commonwealth, 158 Ky. 474, 165 S. W. 691; Chilton v. Commonwealth, 170 Ky. 491, 186 S. W. 191; Crouch v. Commonwealth, 172 Ky. 463, 189 S. W. 698. Such being the state of the record, the trial court committed no error in overruling appellant's motion and grounds for a new trial and its judgment is affirmed.