## Brown v. Commonwealth.

(Decided April 29, 1927.)

Appeal from Magoffin Circuit Court.

Criminal Law.—New trial for newly discovered evidence held properly refused, where accused did not file his own affidavit supporting motion showing inability to discover evidence before trial by exercise of due diligence and setting up facts showing why he could not have previously discovered it.

H. H. RAMEY ad W. R. PRATER for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellant, Dud Brown, was indicted in the Magoffin circuit court for the murder of Boyd Allen, and on his trial was found guilty of manslaughter, and his

punishment fixed at confinement in the state penitentiary for a period of three years.

In his motion and grounds for a new trial the appellant assigns as reasons why the judgment of the lower court should be reversed, erroneous instructions, admission of incompetent evidence, refusal of the court to admit competent evidence, that the verdict is flagrantly against the evidence, and newly discovered evidence. On this appeal he relies on only one ground for a reversal —that of newly discovered evidence.

Appellant, accompanied by his brother, Ollie Brown, and Lester France, all of whom were riding mules, stopped in front of the residence of I. J. Adams. John Allen, I. J. Adams, and the deceased, Boyd Allen, were on the porch of the Adams residence. Boyd Allen left the porch, and walked out to the road where appellant and his companions had stopped, approached appellant's mule, took hold of the bridle with his left hand, and requested appellant to give him a drink of whisky. Appellant replied that he had no whisky but that, if he did have any, he would give him a drink. Appellant had a raincoat folded and tied across the front of his saddle, and the deceased evidently thought that appellant had a can or bottle of liquor wrapped in this coat. The deceased said to appellant: "You give me whisky, or I will slit your coat," and appellant replied, "If you slit my coat, I will slit your hide." Thereupon the deceased raised his knife which he had in his hand, and cut the raincoat that was tied on the horn of appellant's saddle. Appellant leaned over, caught the deceased by the left arm, and stabbed him in the back with a knife. Those present then separated the combatants.

Appellant testified that the deceased, after cutting the raincoat, struck at the appellant with his knife, and cut his overalls, and that he then struck the deceased.

The deceased was taken to a hospital in West Liberty, Ky., where he remained for about five weeks, and he was then taken to a hospital at Jackson, Ky., where he was operated upon for locked bowels. He lived only a few hours after the operation.

In support of his motion for a new trial on the ground of newly discovered evidence, appellant filed the affidavit of Dr. Wilgus Bach. Dr. Bach stated in this affidavit that the deceased, Boyd Allen, was admitted to the hospital in Jackson, Ky., on August 23, 1925, and that

he was suffering from locked bowels, and was in a dying condition; that he was operated on, and lived only a few hours thereafter; that Boyd Allen was in a semi-conscious condition, and was unable to give a history of his case, which affiant obtained from Boyd Allen's father, Billy Allen. Billy Allen testified that deceased, while at the hospital in Jackson, Ky., and a few minutes before he died, made a statement as to how the altercation with appellant occurred, which was admitted as a dying declaration. The effect of the alleged newly discovered evidence was to show that the deceased was unable by reason of his mental and physical condition to make any such statement.

The appellant did not file his own affidavit in support of his motion for a new trial. It is well settled that a new trial will not be granted on account of newly discovered evidence unless the defendant files his own affidavit, which must not only show that the defendant had been unable to discover this evidence before the trial by the exercise of due diligence, but it must set up the facts showing why he could not have previously discovered the evidence. Hunley v. Commonwealth, 215 Ky., 220, 284 S. W. 993; Helton v. Commonwealth, 210 Ky. 566, 276 S. W. 522; Duckwall v. Commonwealth, 204 Ky. 442, 264 S. W. 1062; Barnes v. Commonwealth, 179 Ky. 725, 201 S. W. 318; Oakley v. Commonwealth, 158 Ky. 478, 165 S. W. 691. The appellant having failed to file his own affidavit showing that he was in ignorance of the existence of the newly discovered evidence at the time of the trial, and that he had used due diligence to discover it, it is unnecessary to determine whether the newly discovered evidence was of such a character as to be reasonably calculated to have any decisive influence upon the result of another trial.

We have carefully examined the record, and have found no incompetent evidence that was admitted, nor competent evidence offered by appellant that was refused, nor has any been pointed out. The instructions properly presented the issues to the jury, and the evidence was sufficient to sustain the verdict.

Finding no error prejudicial to appellant's substantial rights, the judgment is affirmed.