## Lunce v. Commonweath.

(Decided March 13, 1928.)

### Appeal from Harlan Circuit Court.

1. Criminal Law.—Question of error in denying a continuance is not available on appeal, exception not having been taken to the ruling, and it not having been made a basis of complaint in the motion and grounds for new trial (Criminal Code of Practice, secs. 271, 282).

2.  Criminal Law.—Defendant not having filed his own affidavit in support of motion for new trial for newly discovered evidence, as required by rule of practice, denial of motion was not error.

3.  Criminal Law.—One's affidavit limited to declaration of another when dying, that the crime of which defendant and deceased were accused was not committed, being hearsay, will not support motion for new trial for newly discovered evidence.

4.  Criminal Law.—Declarations of prosecuting witness, competent, if at all, only as impeaching testimony and merely cumulative, do not warrant new trial for newly discovered evidence.

5.  Criminal Law.—Though appellant's brief does not challenge the indictment or instructions, they being questioned by the motion and grounds for new trial and the case involving serious consequences to appellant, they will be examined.

6.  Criminal Law.—The testimony sustaining the charge in the indictment and warranting the instructions given, the verdict must stand; the jury, and not the appellate court, being the judge of the credibility of the witnesses.

W. A. BROCK and F. M. JONES for appellant.

J. W. CAMMACK, Attorney General, (GEO. H. MITCHELL, of counsel), for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Mart Lunce was jointly indicted with Jim Young and John Lunce for a criminal offense committed upon the person of Jennie Lawson. On a separate trial, Mart Lunce was convicted and a sentence of 10 years' imprisonment in the penientiary imposed upon him. The circuit court refused to grant him a new trial, and he has prosecuted an appeal to this court.

His first insistence is that he was improperly denied a continuance requested when he was put upon trial. The record shows that his application for a continuance was refused, but no exception was taken to the ruling of the court, and it was not made a basis of complaint in his motion and grounds for a new trial. The question is not available here under such circumstances. Criminal Code, secs. 282, 271; Hendrickson v. Commonwealth, 146 Ky. 742, 143 S. W. 433; Dalton v. Commonwealth, 216 Ky. 317, 287 S. W. 898; Arnold v. Commonwealth, 194 Ky. 425, 240 S. W. 87.

His next complaint is that his motion for a new trial on the ground of newly discovered evidence was not sustained. He filed in support of the motion the affidavits

of W. H. Young and J. K. Daniel, but did not file his own affidavit, as required by the rule of practice. Helton v. Commonwealth, 210 Ky. 566, 276 S. W. 522; Pierce v. Commonwealth, 214 Ky. 454, 283 S. W. 418.

Apart from this, the affidavits filed do not present material facts that would authorize the granting of a new trial. Young's affidavit is limited to a declaration of Jim Young, made when he was said to be dying, to the effect that the crime was not committed. It was not competent evidence if it had been adduced at the trial. It was hearsay of the very poorest kind. Hines v. Com., 35 A. L. R. 431; Donnelly v. U. S. 228 U. S. 243, 57 L. Ed. 820. Appellant's brother was present on the occasion in question and he was not called as a witness, although he was jointly indicted. Daniel's affidavit relates merely to statements said to have been made to him by the prosecuting witness. They were competent, if at all, only as impeaching testimony, and were merely cumulative of other such testimony which was introduced. Such evidence does not warrant a new trial in any event. Traynor v. Commonwealth, 149 Ky. 462, 149 S. W. 904; May v. Commonwealth, 153 Ky. 141, 154 S. W. 1074; Stewart v. Commonwealth, 191 Ky. 538, 230 S. W. 950; Hall v. Commonwealth, 189 Ky. 72, 224 S. W. 492.

Appellant's brief does not challenge the sufficiency of the indictment or the propriety of the instructions, but as the motion and grounds for a new trial raised these questions, and the case involves serious consequences to the appellant, we have carefully examined both the indictment and the instructions. Cook v. Commonwealth, 18 S. W. 356, 13 Ky. Law Rep. 702.

It is clear that they were correct in form and substance, and no error was committed by the trial court in the trial of the appellant.

The testimony fully sustained the charge made in the indictment and warranted the instructions given, and in such case the verdict of the jury must stand. The jury, and not this court, is the judge of the credibility of the witnesses.

The judgment is affirmed.