## Jones v. Commonwealth.

(Decided June 7, 1929.)

O. H. ANDERSON for appellant.

J. W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, Jr., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY COMMISSIONER TINSLEY—Reversing.

Appellant was indicted in the Christian circuit court charged with false swearing. On his trial he was convicted, and sentenced to the penitentiary for one year.

On a Saturday night in April, 1928, one Fred Calhoun, a young white man, and a negro named Alvin Lisenby, engaged in a fight in the meat shop of the Jitney-Jingle Grocery Company No. 1 in Hopkinsville, of which Calhoun was manager. Lisenby was arrested on a charge of malicious cutting and wounding Calhoun, and, on his examining trial in the Hopkinsville police court, appellant was a witness. On that trial he stated and

gave in evidence that he was present, saw the fight, and that Calhoun had a meat cleaver in his hand and struck, or struck at, Lisenby with it, and that Shelton, a clerk in the store, an employe under Calhoun, had a butcher knife and tried to cut Lisenby. He was subsequently indicted for false swearing, it being charged in the indictment that the above testimony, given by Jones on the examining trial, was false and untrue, and known by him to be false and untrue, for the reason that Jones was not in the store at the time of the fight and knew nothing about it.

On the trial of appellant under that indictment, it was shown that he had testified as above set forth on the examining trial of Lisenby, and it was further shown by Calhoun and Shelton and J. B. Littlefield, also a white man, and an employe of the store, that Jones was not in the store at the time of the fight. Calhoun further testified that he did not have a meat cleaver in his hand, and did not strike at Lisenby with it; and Shelton further testified that he did not have a butcher knife, nor did he try to cut Lisenby with it. Appellant introduced three witnesses, all negroes, who stated that he was present during the fight; and he was corroborated by Lisenby that Calhoun had the meat cleaver and struck at him with it, and that Shelton drew the butcher knife on him.

Two grounds only are urged for a reversal: (1) That the verdict is not sustained by the evidence; and (2) newly discovered evidence.

1. The first ground relied on cannot be sustained. The uniform principle applying in this state is that, if there is any competent evidence tending to show the guilt of the accused, the question of his guilt or innocence is for the jury (Commonwealth v. Stringer, 195 Ky. 717, 243 S. W. 944; Utterback v. Commonwealth, 190 Ky. 138, 226 S. W. 1065); and this court is without authority to reverse a judgment of conviction unless the verdict is so palpably against the evidence as to shock the conscience and to compel the conclusion that it is the result of passion or prejudice. Moore v. Commonwealth, 223 Ky. 128, 3 S. W. (2d) 190; Adams v. Commonwealth, 227 Ky. 255, 12 S. W. (2d) 275.

2. Appellant filed the affidavit of J. E. King, chief deputy sheriff of Christian county, wherein Mr. King states that he heard of the fight between Calhoun and Lisenby at the time it was going on, and he was then

about a block and a half from the Jitney-Jingle store; that he hurried to the store and there found appellant, two white boys, and some other persons; that the arm of one of the white boys was bleeding, and he discussed the nature of the trouble with the two white boys and asked the boy whose arm was bleeding, "Why did not you or the other boy use the meat cleaver on the negro with whom you had the fight?" and that the boy whose arm was bleeding said, "I did have the meat cleaver and tried to hit the negro with it, but the other boy got in my way and I could not hit him"; that something else was said about the other boy having a butcher knife, but he did not remember just what that was. He further stated that he did not tell appellant or his attorney anything that he knew about the case until after the trial and the verdict.

The granting of a new trial upon newly discovered evidence is not looked upon by the courts with favor, and they are reluctant to reverse a judgment of conviction upon that ground alone, because it opens a ready door to perjury and for the perpetration of fraud by the party relying upon it. Quinlan v. Commonwealth, 149 Ky. 476, 149 S. W. 892; Traynor v. Commonwealth, 149 Ky. 462, 149 S. W. 904. However, the courts will, notwithstanding this reluctance, grant a new trial for newly discovered evidence when, on account of its materiality and probable effect, a manifest injustice would be commited to disallow it (Johnson v. Commonwealth, 188 Ky. 391, 222 S. W. 106); and, while this court has announced and often applied the rule that a new trial will not be granted for newly discovered evidence which is cumulative only, still, that rule is not of universal application, and when the newly discovered evidence, although to some extent cumulative in its nature, is of so controlling a character as that it would probably change the verdict, it would be prejudicial error to refuse a new trial based on this ground (Johnson v. Commonwealth, supra; Gravitt v. Commonwealth, 184 Ky. 429, 212 S. W. 430; Lewis v. Commonwealth, 190 Ky. 160, 227 S. W. 149).

In his defense in this case appellant had to rely upon his mother, Lisenby, and another negro to corroborate him, and to establish his presence in the store at the time of the fight. It must be apparent to any one that the testimony of Mr. King, an official of the county, as set out in his affidavit, corroborating appellant both as to his presence in the store and as to the meat cleaver and

butcher knife, while cumulative in a sense, is of such a character and coming from such a source as that it would, possibly, change the verdict. At least, under the circumstances of this case coming from a white official of the county, appellant is entitled to have a jury hear and consider it.

Wherefore the judgment is reversed and cause remanded, with directions to grant appellant a new trial.