## Burnett v. Commonwealth.

(Decided May 9, 1933.)

RODES K. MYERS for appellant.

BAILEY P. WOOTTON, Attorney General, and FRANCIS M. BURKE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

Horace Burnett was indicted by the grand jury of Warren county for the murder of Ray Manley, and by verdict and judgment was found guilty, and his punishment fixed at confinement in the penitentiary for 10 years. He is prosecuting this appeal, and insists that the trial court committed prejudicial and reversible error in overruling his motion and grounds for new trial.

A number of grounds were assigned, but all have been abandoned except that of newly discovered evidence; it being conceded by counsel for appellant that none of the other matters complained of below were of sufficient merit to warrant a reversal.

In support of the motion and grounds for new trial, appellant filed the affidavits of Muriel Waddell and Charles Enochs, but did not file his own affidavit. This does not comply with the established rules of practice with respect to motions for new trial on the ground of newly discovered evidence. It is a rule of long standing that one seeking a new trial in a criminal case on the ground of newly discovered evidence must file his own affidavit showing he did not know, and by the exercise of reasonable diligence could not have known, of the existence of such evidence until after the trial had been finally concluded. Lunce v. Commonwealth, 223 Ky. 566, 4 S. W. (2d) 362; Helton v. Commonwealth, 210 Ky. 566, 276 S. W. 522; Oakley v. Commonwealth, 158 Ky. 474, 165 S. W. 691; Pierce v. Commonwealth, 214 Ky. 454, 283 S. W. 418.

Following this established rule of practice, the ground urged is not available on appeal. But, wholly apart from this rule, it is manifest that the affidavits relating to this newly discovered evidence do not set out such material facts as would authorize a court to set aside the verdict and grant a new trial on that ground alone.

The evidence, in substance, is that a number of persons, including appellant and deceased, congregated at a filling station on the corner of Second and College streets in Bowling Green to listen to a broadcast of the Sharkey-Schmelling fight. Some time during the evening deceased called appellant aside, where they were seen in a rather heated conversation. It appears that there was a controversy over a girl to whom both had been paying attention. Appellant testified that deceased asked him why he had been cutting in on his girl, but, seeing that deceased was drinking, he told him to go home and sleep it off; that deceased threatened to blow his brains out, and said but for the fact appellant had a sore arm he would "stomp hell out of him." In a short time appellant left the service station and went to his home on Second Street, some blocks away, where he remained for a short time, and then started back toward the filling station. In the meantime, deceased and Virgil Hampton started toward the home of appellant, and, when they met, the tragedy occurred. Deceased did not live in the direction in which he was going, and Hampton testified that he tried to dissuade him from going that way, fearing there would be trouble.

According to the evidence of Hampton, who was introduced by the commonwealth, it appears that, when these parties were within about 15 or 20 feet of each other, appellant told deceased to stop, or he would shoot him, and, after deceased had taken about two steps more, appellant opened fire, shooting five or six times; that deceased was sidestepping until the last shot was fired, when he seemed to rush or stagger forward against appellant, knocking him down and falling on him. When the last shot was fired, deceased was something like 15 feet from appellant.

Burnett testified that, when they met, deceased approached him and his manner was threatening. Fearing he would do him violence, he drew his pistol, firing into the ground or to one side to frighten and stop him,

but that deceased ran forward and grappled with him, throwing or pushing him to the ground, and that during the scuffle the pistol discharged. He was not positive as to whether he intentionally fired, but indicated that subconsciously he must have done so. According to his statement, deceased was struck and killed by the last shot. After the shooting, appellant surrendered to officers, and there were fresh blood stains on his shirt.

Charles Enochs, who prepared the body for burial, and three or four other people who assisted, stated that they examined the body and clothing, and there were no powder burns on either.

Appellant testified that he had an infected arm which at the doctor's direction he was carrying in a sling; that he went home to change the bandage, but, finding no fresh bandage, procured money from his mother, and started to a store to buy some, and on the way met deceased; that he did not go home to get his pistol, but was carrying it because another man had run away with his wife, and he thought he might meet up with him. Two or three witnesses who saw appellant going to and from his home did not state positively as to his gait, but it appears in evidence that his action and manner was such as to attract attention, since some of them asked him why he was hurrying, to which he made no reply.

The affidavit of Muriel Waddel relates to a statement made to him by Virgil Hampton shortly after the killing, in which it is stated that the latter said when he saw Burnett coming up the street he knew trouble would ensue, and he ran and left, and did not see the shooting or the parties at the time the shooting was done. The affidavit of Enochs is to the effect that, when testifying, he was asked if the body of Manley was powder burned. He stated that he did not recall any, but that he was mistaken in giving that answer, and, after reflecting over his testimony, he realized his error and reported his mistake the next morning to the attorney for appellant; that he does know the body was powder burned around the wound.

It is urged that this evidence as to powder burns is very material and would likely have a controlling effect with the jury, since the only eyewitness stated that deceased was something like 15 feet from appellant when the fatal shot was fired, whereas appellant testi-

fied they were in a grapple at the time. But, in view of the fact that a number of witnesses testified there were no powder burns, it is apparent Enoch's evidence that he saw powder burns would not have a controlling effect, and especially so when it was made to appear that he made a different statement on the first trial.

In the case of Isgrig v. Jacoby et al., 199 Ky. 744, 251 S. W. 945, it is said that forgotten facts cannot be considered newly discovered evidence.

It is also a rule of general application that a new trial will not be granted on the ground of newly discovered evidence, unless it be such as would reasonably be calculated to change the verdict. Colston v. Commonwealth, 216 Ky. 216, 287 S. W. 722; Joy v. Commonwealth, 203 Ky. 426, 262 S. W. 585; Charles v. Commonwealth, 222 Ky. 99, 300 S. W. 357; Bowling v. Commonwealth, 230 Ky. 387, 19 S. W. (2d) 1086.

The matter contained in the affidavit of Muriel Waddell would only be competent as tending to contradict or impeach the witness Hampton. Ordinarily, a new trial will not be granted on the ground of newly discovered evidence which merely tends to discredit or impeach a witness. Knight v. Commonwealth, 170 Ky. 763, 186 S. W. 667; Conn v. Commonwealth, 245 Ky. 583, 53 S. W. (2d) 931. However, exception seems to have been made to this general rule where the evidence is of such a convincing character that it might have a decisive effect. Stacey v. Commonwealth, 221 Ky. 258, 298 S. W. 696; Colson v. Commonwealth, 200 Ky. 402, 255 S. W. 60.

A careful consideration of the contents of this affidavit in connection with all the facts and circumstances in the case leads to the conclusion that this alleged newly discovered evidence is not of such a character as to bring it within the exception to the general rule.

For the reasons indicated, the judgment is affirmed.