**T. J. SPRADLIN and Bill Kenneth Anderson, Appellants,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 3, 1971.

Fred B. Redwine, Sanders & Redwine, Pikeville, for appellants.

John B. Breckinridge, Atty. Gen., James M. Ringo, Asst. Atty. Gen., Frankfort, for appellee.

OSBORNE, Judge.

Appellants were tried in the Pike Circuit Court on the charge of aiding one accused of a felony to escape jail. They were sentenced to four years in prison. From this judgment, they appeal.

Wayne Lycans and Eddie Lamb were prisoners in the Pike County Jail awaiting trial. On May 22, 1970, they acquired a set of keys to the jail and around 4 a. m. made their escape. Shortly after escaping, they were captured in West Virginia and returned to Kentucky. Following their return, appellants T. J. Spradlin and Bill Kenneth Anderson were indicted and charged with assisting Lamb and Lycans to escape.

Lamb turned state's evidence and testified at the trial that on May 21 Sprad-

lin came to the jail door that leads into the jailer's office and handed him a tobacco pouch with the keys to the jail inside and that arrangements were then made for Spradlin to pick them up that night as soon as the escape could be consummated. He further testified that about four o'clock that morning, by use of the keys, they escaped the jail and were picked up by Spradlin and Anderson in Spradlin's automobile and taken to Huntington, West Virginia.

Appellants now make three contentions of error:

1. That they are entitled to a new trial because of newly discovered evidence.

2. The trial court erred in the instructions.

3. The trial court erred in not granting appellant Anderson a directed verdict.

On appellants' first contention, they insist they should have been granted a new trial because they discovered after the trial that the keys to the jail were recovered at a place other than where certain testimony indicated they were thrown from the car. We are of the opinion that this contention is without substance, first for procedural reasons. They allege in their motion and grounds for new trial that they have newly discovered evidence but nowhere do they, by affidavit or otherwise, set out the substance of the evidence. In the absence of such affidavit a motion is fatally defective. See Pierce v. Commonwealth, 214 Ky. 454, 283 S.W. 418; Powell v. Commonwealth, 149 Ky. 433, 149 S.W. 891; Crouch v. Commonwealth, 172 Ky. 463, 189 S.W. 698. In addition, appellants submitted no affidavit or other proof showing that they used due diligence to discover the evidence prior to trial. This alone is sufficient to defeat their motion. See Jillson v. Commonwealth, Ky., 461 S.W.2d 542 (1970); Jones v. Commonwealth, 238 Ky. 453, 38 S.W.2d 251 (1931). Really, all their motion is

based upon is the fact that the jailer surprised them in his testimony. Had they properly interviewed the jailer prior to trial there is no doubt but what they would have learned of the facts that were brought out in the evidence. Surprise alone is not sufficient grounds for a new trial, especially where the surprised party has not used diligence in ascertaining the nature of the testimony that will be given against him.

Appellants' next contention is that the trial court's instruction concerning the corroboration necessary for the jury to convict on the testimony of an accomplice was erroneous. The instruction reads as follows:

"The Court instructs the jury that the witness, Eddie Lamb, according to the testimony in this case, was an accomplice in the commission of the crime charged.

The jury is instructed that a conviction cannot be had upon the testimony of Eddie Lamb alone, unless the jury believe that his testimony in the opinion of the jury has been corroborated by other evidence tending to connect the defendants, or either of them with the commission of the offense."

This instruction was approved in Brown v. Commonwealth, Ky., 440 S.W.2d 520 (1969) and Underhill v. Commonwealth, Ky., 289 S.W.2d 509 (1956). We do not construe the instruction to mean what appellant insists it does. We believe the instruction is proper.

Appellants' third contention is that there was not sufficient evidence to connect Anderson with the offense so as to corroborate the testimony of Eddie Lamb. Eddie Lamb testified that Anderson was in Spradlin's getaway car when he and Lycans escaped from the jail. The car was parked in a lot immediately behind the jail. As the car was headed for Huntington, Anderson wrote Spradlin's address on a slip of paper and gave it to Lycans who put it in his billfold. This slip of paper

was found in Lycan's billfold at the time he was arrested and Anderson's handwriting was positively identified by an F.B.I. expert on handwriting.

A Kroger truck driver testified that he saw a car matching the description of Spradlin's with two persons in it parked behind the jail immediately before the jail break. The attendant at a Direct Oil Station near the jail testified that Anderson and Spradlin pulled into his station three different times on the night of the jail break and that the last time was only shortly before the break occurred. Some three weeks before the jail break, Anderson told Calvin Ray that there was going to be a jail break.

We believe the foregoing evidence is not only sufficient, but abundant, to connect Anderson with the crime and to corroborate the testimony of the accomplice.

Judgment affirmed.

All concur.