## Wilson v. Commonwealth.

(Decided Sept. 23, 1910.)

## Appeal from Owen Circuit Court.

1. Appeals—Belief of Court on Former Appeal—Effect on Second Trial.—The fact that on a former appeal this court did not believe there was a total failure of proof of defendant's guilt, is binding upon the court in the same case on a second appeal, the same facts appearing.
2. Peremptory Instruction—Test—Evidence Sufficient to Establish Guilt.—The test whether a peremptory instruction should be granted, is not whether the court from all the evidence may believe, even beyond a reasonable doubt, that the defendant is not guilty, but whether there is any evidence in the record conducing to establish his guilt.
3. Second Trial—Death of Witness—Proof of Evidence on First Trial—Competency.—On a second trial of a criminal case, the defendant will not be allowed to prove by one who was present at the former trial, facts tending by contradiction to impeach an important witness for the prosecution who had died since the first trial.

JAMES SETTLE and W. A. LEE for appellant.

JAMES BREATHITT, Attorney General and TOM B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

Appellant was convicted of the crime of voluntary manslaughter, and he appeals. The facts on this trial are shown to be substantially as set forth in the opinion delivered by this court in this case on a former trial. (See Wilson v. Commonwealth, 121 S. W. 430.)

The principal ground now asserted for a reversal is that the trial court should have peremptorily instructed the jury to find the defendant not guilty. The fact that on the former appeal this court did not believe that there

was a total failure of proof of the defendant's guilt is binding upon the court in the same case on a second appeal, the same facts appearing. Furthermore, the test whether a peremptory instruction should be granted is not whether the court from all the evidence may believe, even beyond a reasonable doubt, that the defendant is not guilty, but whether there is any evidence in the record conducing to establish his guilt. A reading of the former opinion will disclose that there was abundant evidence of the guilt to require the submission of the question to the jury. Nor do we find such a preponderance of the evidence in behalf of the defendant's innocence as to authorize a disturbance of the verdict on that ground. That two juries of the county, unbiased, and with a view of the witnesses, and, therefore, with a better opportunity for judging their veracity, have agreed unanimously in finding, beyond a reasonable doubt in their minds, that the defendant was guilty, tends strongly to remove any misgivings which we may have had on the face of the record as it appeared to us.

On a former trial a witness testified for the defendant, tending by contradiction to impeach an important witness who had testified for the prosecution. Before the last trial the first named witness had died. The second witness testified to the same facts for the prosecution, on this trial. The defendant offered to prove by one who was present at the other trial the testimony of the deceased witness. The offer was rejected by the trial court. That ruling is assigned as error, and appellant relies on the authority of Austin v. Commonwealth, 124 Ky. 55. But the trouble here is not with producing the testimony of the deceased witness. The method pursued was right. The defendant, however, had failed to lay a proper foundation for the impeaching evidence. If the deceased witness had been alive he would not have been allowed to testify to the matter inquired about, which was a statement made by the prosecuting witness out of court at variance with his testimony, until the witness sought to be impeached had been inquired of while testifying as to the alleged statement. That was not done. True, he was asked concerning another statement, which he denied, and a foundation to contradict him on that point was thereby laid. But as to the statement deposed about by the deceased witness, the prosecuting witness was not asked.

Judgment affirmed.