## Nicoll v. Commonwealth.

(Decided April 14, 1916.)

## Appeal from Warren Circuit Court.

1. Criminal Law—Conspiracy—Accomplice.—The fact that one is charged in an indictment with being in a conspiracy to commit murder and that another pursuant to such conspiracy did commit murder does not of itself make him an accomplice; the facts must determine whether or not he is an accomplice, and if they develop such a state of case as would authorize his conviction either as principal or accessory before the fact, or as aider or abettor, then he is an accomplice, otherwise he is not.

2. Criminal Law—Instructions.—The failure to define "malice" and "aforethought" in an instruction is not prejudicial error as against the defendant.

3. Criminal Law—Accomplice—Instructions.—Where one of two of the eye witnesses to a killing was not an accomplice it was unnecessary to incorporate in an instruction the idea that one accomplice cannot corroborate the evidence of another so as to bring about a conviction.

4. Criminal Law—Instructions.—There being a total lack of evidence that there was any quarrel or altercation between defendant and decedent, or that defendant was concerned in a quarrel between decedent and another prior to the time defendant struck the blow which resulted in death, an instruction on manslaughter was properly withheld.

CHARLES DUKE for appellant.

M. M. LOGAN, Attorney General, and OVERTON HOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE TURNER.—Affirming.

The appellant, Judge Robinson and Boyd Finn were jointly indicted in the Warren circuit court charged with the murder and aiding and abetting in the murder of Alfred Buford; it is charged that Nicoll while in a conspiracy with the other defendants and pursuant to such conspiracy struck and wounded Buford upon his body and neck with rocks, sticks and other deadly weapons by which his neck was broken and from which he died.

Appellant on his separate trial was found guilty and sentenced to confinement in the penitentiary for life, and from that judgment this appeal is prosecuted.

The evidence is that the four parties named on a Sunday afternoon in August, 1915, procured a one-half gallon jug of whisky in a large bottle or jug with a handle and bale on it and went on the bank of the river near Bowling Green and there engaged in drinking the whisky and shooting craps. The place where they were so engaged was immediately on the bank of the river where there was a small embankment. After they had consumed a large portion of the whiskey some dispute arose as to the game between Robinson and the decedent, Buford; they had some two or three altercations and were each time separated by appellant and Finn. Finally, however, decedent again assaulted Robinson and they were clinched when Robinson again called upon Finn to come and again take Buford away, but appellant said: "Never mind, I will stop the damn son-of-a-bitch," and immediately struck him in the back of the neck with the whisky bottle or jug and at the time pushed him and he and Robinson both went over the bank into the river. Robinson managed to get out but Buford's body never came to the surface, and was afterwards discovered with his neck broken and bruises on the back of his neck, indicating that a blow had been struck there.

The three survivors then agreed among themselves that they would tell that the decedent was drowned while he was trying to swim across the river and back five times, as he had boasted he could do, and did tell this story; but on the trial of this case in the circuit court Robinson and Finn both told the story substantially as above recited, admitting that they had told the other story according to an agreement with the appellant.

Appellant in his own evidence substantially admits the whole story told by the other two witnesses except that he denies he struck the decedent with a bottle or at all, and claims that Buford did come to the surface of the water. The evidence further showed that when the body was recovered there was no water in the stomach or in the lungs.

The first reason given for reversal is that the court should have directed an acquittal because there was no evidence tending to connect appellant with the commission of the crime other than that of Robinson and Finn, who were accomplices, it being provided by section 241 of the Criminal Code that a conviction cannot be had under the testimony of an accomplice unless corroborated

by other evidence tending to connect the defendant with the commission of the offense, and that such corroboration shall not be sufficient if it merely shows that the offense was committed.

It is true that Robinson and Finn were the only two witnesses introduced by the Commonwealth who were eye-witnesses to the occurrence, and if they are in law accomplices the contention of the appellant must be sustained. But the mere fact that one is charged in an indictment with conspiracy to commit murder, and that another defendant pursuant to such conspiracy did commit murder does not of itself make him an accomplice. The facts must determine whether or not he is an accomplice and not the mere allegations in an indictment. As said by this court in the case of Richardson v. Commonwealth, 166 Ky. 570: "In order to make one an accomplice it is necessary that his criminal participation in the crime charged be shown by evidence;" and as said in the case of Levering v. Commonwealth, 132 Ky. 666:

"The test, generally applied to determine whether or not one is an accomplice, is, could the person so charged be convicted as a principal, or an accessory before the fact, or an aider and abettor upon the evidence? If a judgment of conviction could be sustained, then the person may be said to be an accomplice; but, unless a judgment of conviction could be had, he is not an accomplice."

There is in the evidence in this case no suggestion even that the witness Finn was ever at any time engaged in any altercation with the decedent, or that there was any conspiracy to which he was a party, looking to the injury of Buford; on the contrary all of the evidence is that throughout the whole transaction Finn was a peacemaker and had assisted two or three times in separating Robinson and Buford, and was called upon by Robinson to again do so just before the appellant struck Buford with the bottle. From the evidence, if Finn had been on trial, either as a principal or as an accomplice, the trial court would of necessity have been compelled to direct a verdict finding him not guilty.

It therefore follows, at least as to Finn, there was no evidence showing any participation in the crime or any connection therewith such as would have in any event made him an accomplice.

The contention that the court should have defined the words "malice" and "aforethought" cannot be sus-

tained; while it may be admitted a better practice in such cases to correctly define these expressions in instructions, yet it has been frequently held not to be prejudicial to defendant, as such failure is more apt to be to the detriment of the Commonwealth. Collier v. Commonwealth, 160 Ky. 338.

It is further urged for appellant that the instruction given by the trial court that the defendant cannot be convicted upon the testimony of an accomplice unless corroborated by other evidence was erroneous because it failed to say to the jury that one accomplice cannot corroborate the evidence of another so as to bring about a conviction. Howard v. Commonwealth, 110 Ky. 356. But in this case, as we have already seen, Finn cannot properly be treated as an accomplice, and for that reason it was unnecessary to incorporate this idea in the instruction.

It is finally argued that there should have been an instruction on manslaughter; but counsel cannot be serious in this contention, for there was a total lack of evidence to show that there was any quarrel or altercation, whatever, between appellant and the decedent prior to the time he struck him with the bottle, or that appellant was concerned in the quarrel between Robinson and Buford.

Appellant has had a fair trial, and we see no reason to disturb the judgment of the lower court, and it is affirmed.