## Walker v. Commonwealth.

(Decided November 10, 1925.)

### Appeal from Jefferson Circuit Court (Criminal Division).

1. Intoxicating Liquors—Evidence Held to Sustain Conviction for Unlawful Possession of Intoxicating Liquor.—Evidence Held to sustain conviction for unlawful possession of intoxicating liquor.
2. Intoxicating Liquors—One who Permits Others to Procure License for Soft Drink Stand in His Name and Handle Whiskey is Guilty.

—One who, though not owner, permits others to procure license for soft drink stand, at which he is employed, in his name, and handle whiskey there, is guilty of violation of prohibition law.

3.  Criminal Law—Court Not Required to Search Record for Errors Not Pointed Out by Appellant.—Criminal Code of Practice, section 340, does not require court to search record for errors not pointed out by appellant.

WILLIAM A. EARL for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellant, Walker, was charged with the offense of having in possession intoxicating liquors for purposes other than those allowed by law. A trial resulted in his conviction, his punishment being fixed at a fine of $300.00 and by confinement in the county jail for sixty days. Complaining of the judgment he prosecutes this appeal.

His brief covers but two pages, one paragraph of which, after reciting a number of facts, reads:

"With the facts in this shape the case was submitted to the jury under instructions of the court, and we are clearly of the opinion that the evidence does not warrant the case going to the jury. Counsel for appellant moved the court for a peremptory instruction, which was overruled."

The facts may be summarized as follows: Appellant was operating, or assisting in operating, a soft drink stand in the city of Louisville. The license was in his name. He worked in the place from five o'clock in the evening until twelve o'clock at night, while another man attended to the place from seven o'clock in the morning until five o'clock in the afternoon. A search warrant issued for his premises. Officers executing the warrant found several small bottles of whiskey in the place, some of them on the person of the clerk then in charge, and some of them on the sideboard or shelf; appellant was not at his place of business at that hour; the other man in charge was arrested and convicted. It is appellant's contention that he did not know anything about the liquor being on the premises, and in fact had nothing to do with the place except as a clerk; that two other persons owned the soft drink stand but he did not give their

names. We think that the evidence, showing that the license for the place was issued to appellant and that he ran the place part of the time and that a clerk ran it the balance of the time, was sufficient to warrant the jury in concluding that the liquor found on the premises was his, or at least was in the place with his knowledge and consent. The verdict was not, therefore, against the evidence. Furthermore, if appellant did not own the place but allowed others to take out the license in his name and to handle whiskey at the place, he was guilty. A reasonably prudent business man would not have allowed a license taken out in his name unless he was going to have control of the place, so as to guard against the unlawful sale of intoxicating beverages at the soft drink stand.

Appellant also copied section 340 of the Criminal Code, and intimates that the court should examine the record for the purpose of finding errors, if any there be, upon which to reverse the judgment, but he does not point out any error which would justify the court in reversing the judgment. We have often held that no search will be made of a record for errors which the appellant himself cannot take time to find and call to the attention of the court. Surely if a flagrant violation of his rights had taken place he would be able and willing to point them out to the court.

Judgment affirmed.