## Risner v. Commonwealth.

(Decided May 14, 1929.)

COMBS & COMBS and W. W. WILLIAMS for appellant.

J. W. CAMMACK, Attorney General, and JAMES M. GILBERT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Reversing.

The appellant was charged by indictment in the Floyd circuit court with the offense of selling vinous, malt, and intoxicating liquors or beverages. The indictment charges that he sold "spirituous, vinous, malt and intoxicating liquors or beverages to Hi Higgins."

The evidence took a wide range, and was not confined to efforts to prove that he had sold intoxicating liquors to Higgins, but it dealt with whether he had sold such liquors to any one within 12 months before the finding of the indictment. There was no objection to either the indictment or the evidence. The instructions were as broad as the indictment and the evidence; but there is no complaint about them. A jury found appellant guilty and fixed his punishment at a fine of $100 and 30 days in jail. He urges only one ground for reversal, and that is that the evidence does not show that he sold to Hi Higgins, or any one else, within a year before the finding of the indictment, intoxicating liquors of any kind.

He was engaged in running a store and restaurant at Maytown in Floyd county. The chief prosecuting witness testified that he had bought beer from him, but it was what was known as "Blatz beer," and it seems that it was sold generally as a soft drink. A careful examination of his evidence does not show that he testified anywhere that the beer was intoxicating, and neither did he state any fact from which a jury might reasonably infer that the beer was intoxicating. The commonwealth made no effort to show by analysis, or otherwise, that this drink contained sufficient alcoholic content to render it intoxicating. He stated that on one occasion he and another man went to the place of business of appellant, and that the other man went in the store and returned with a little whisky, but he did not see him buy it, and did not know from whom he bought it, if he bought it at all.

Another witness, the wife of the chief prosecuting witness, testified that she had known of her husband, Hi Higgins, going to the place of business of appellant, but she did not know that he obtained home-brew, or any other intoxicant, at his place of business. She stated that she had known of other people's drinking home-brew and getting drunk on it. In response to a question addressed to the general reputation of appellant in the community as to whether he kept home-brew for sale, she responded: "I think it would be bad." She had seen

drunken men around his place, and on one occasion she saw Jim Stedham go to the store of appellant sober and return home in about two or three hours drunk. She did not know whether Stedham took anything along with him to drink when he went to the store.

Another witness for the commonwealth testified that he had bought ginger ale and Blatz beer, at appellant's place of business, but, like the first witness, he did not know much, if anything, about its intoxicating properties.

This was all of the evidence introduced by the commonwealth. Appellant testified in his own behalf, denying that he had sold within 12 months anything except soft drinks. He admitted that he had sold "Blatz beer."

Where the evidence is conflicting in a case this court will not reverse the judgment of the lower court unless the finding of the jury is palpably and flagrantly against the evidence. Wilson v. Commonwealth, 140 Ky. 36, 130 S. W. 793; Deaton v. Commonwealth, 211 Ky. 651, 277 S. W. 1001. But in this case the evidence shows only that appellant sold what is denominated as a soft drink. It may be that it is intoxicating, but if such is a fact the commonwealth must establish it by competent evidence. This it failed to do.

Judgment reversed, and cause remanded for proceedings consistent with this opinion.