## Tussey v. Commonwealth.

(Decided November 13, 1931.)

92

WILLIAM DINGUS for appellant.

. J. W. CAMMACK, Attorney General, and JAMES M. GILBERT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE BRATCHER—Affirming.

. The appellant, Lewis Tussey, and Willie Evans were jointly indicted for the offense of storehouse breaking as denounced by section 1164, Kentucky Statutes. The indictment alleged they broke into the storehouse of Warden Collins. This indictment was dismissed on motion of commonwealth, and the cause remanded to the grand jury. The grand jury returned a second indictment against Tussey and Evans charging them with breaking into the storehouse of Mrs. Sallie Tuttle and stealing therefrom goods, wares, and merchandise, the property of Mrs. Tuttle.

The appellant, Lewis Tussey, was tried and found guilty, and his punishment fixed at two years in the penitentiary. Motion and grounds for a new trial were filed and overruled. From the order overruling this motion, appellant appeals.

It is argued, first, that the verdict is flagrantly against the evidence. The commonwealth introduced Willie Evans. He detailed the method used in making the entry. The store was locked with a Yale lock and staple. This they broke with a shoe key. This witness says Lewis Tussey broke the lock. They took from the store flour, lard, tobacco, sugar, and coffee. This merchandise was carried about one hundred yards and

hidden in a hollow. They carried three pokes of flour, some tobacco, lard, and coffee to Mrs. Lena Collins, a sister of Willie Evans. Mrs. Maggie Smith, the mother of Willie Evans, and the mother-in-law of Lewis Tussey, who lives with her daughter, Lena Collins, testifies that defendant Tussey brought some flour, coffee, tobacco, and lard to her daughter. The daughter, Lena Collins, testified that her brother, Willie Evans, and Tussey brought to her house flour, lard, and tobacco on October 6, 1930. James L. Tuttle, the husband of Sallie Tuttle, testifies as to the manner in which the store was locked and the value of the missing goods. He says there was something like $100 worth. He also told about finding the hidden goods in the hollow. These he had watched. The boy watching the goods saw some parties come near them, and he fired a shot. They ran, leaving a hat which he obtained. This hat had the initials "L. T." in it, and was identified as a hat resembling one worn by appellant. This witness continued his hunt, going to the home of Mrs. Smith or Lena Collins. In a keg behind a door he found flour sacks with his wife's name on them.

There is ample evidence to sustain a conviction. A verdict is not flagrantly against the evidence if there is any competent evidence to sustain the judgment of conviction. Abdon v. Commonwealth, 237 Ky. 21, 34 S. W. (2d) 742; Shepherd v. Commonwealth, 236 Ky. 290, 33 S. W. (2d) 4; Newsome v. Commonwealth, 236 Ky. 344, 33 S. W. (2d) 36; Wilson v. Commonwealth, 140 Ky. 36, 130 S. W. 793; Blanton v. Commonwealth, 147 Ky. 812, 146 S. W. 10; Abram v. Mallicoat, 147 Ky. 817, 145 S. W. 764; Gilbert v. Commonwealth, 228 Ky. 19, 14 S. W. (2d) 194.

It is next argued that, before a conviction can be had upon the evidence of an accomplice, it must be corroborated by other evidence tending to connect the defendant with the commission of the crime. Section 241, Criminal Code of Practice. This argument is based upon the conclusion that Willie Evans, Maggie Smith, and Lena Collins are each accomplices. We can readily agree with that argument as to Willie Evans. He is an accomplice. There is no evidence in this record to justify the conclusion that Lena Collins or Maggie Smith were acomplices. The goods were received by Mrs. Collins. No evidence is introduced and no effort is made to show that either of these women knew they were stolen

goods. An accomplice is one of several persons equally concerned in the commission of a crime. Richardson v. Commonwealth, 166 Ky. 570, 179 S. W. 458, and this fact must be shown by evidence, Levering v. Commonwealth, 132 Ky. 666, 117 S. W. 253, 136 Am. St. Rep. 192, 19 Ann. Cas. 140; Nicoll v. Commonwealth, 169 Ky. 491, 184 S. W. 386; Allen v. Commonwealth, 176 Ky. 475, 196 S. W. 160; Anderson v. Commonwealth, 181 Ky. 310, 204 S. W. 71. There was no evidence tending to connect Maggie Smith or Lena Collins with the commission of this crime. Therefore the court did not err in refusing to give an instruction on the corroboration of the evidence of an accomplice. Baker v. Commonwealth, 212 Ky. 50, 278 S. W. 163.

It is further argued that the court erred in overruling appellant's motion for peremptory instruction. There is the evidence of Willie Evans that Tussey and himself broke, entered, and carried the merchandise away. There is the evidence of Mrs. Smith and Mrs. Collins that the goods were brought to their house. There is the hat of Tussey found near the hidden goods; the further evidence of the flour sacks at Mrs. Collins. Where there is any evidence tending to connect defendant with the commission of the crime, it should be submitted to the jury. Jones v. Commonwealth, 230 Ky. 24, 18 S. W. (2d) 287.

Lastly, it is argued, without pointing it out, that the court admitted incompetent evidence and rejected competent evidence offered by appellant. It is a settled rule that this court will not search a record for errors that counsel thought of such minor importance that he did not point them out. Walker v. Commonwealth, 211 Ky. 174, 277 S. W. 314; Cloyd v. Commonwealth, 212 Ky. 178, 278 S. W. 595; Watkins v. Commonwealth, 227 Ky. 100, 12 S. W. (2d) 329; Brandriff v. Commonwealth, 227 Ky. 389, 13 S. W. (2d) 273; Hamilton v. Commonwealth, 230 Ky. 207, 18 S. W. (2d) 995; Neace v. Commonwealth, 240 Ky. —, 42 S. W. (2d) 528, decided October 9, 1931.

Finding no error prejudicial to the substantial rights of the appellant, judgment is affirmed.

Judgment affirmed.