## Commonwealth v. Rigo.

(Decided June 20, 1933.)

BAILEY P. WOOTTON, Attorney General, and FRANCIS M. BURKE, Assistant Attorney General, for appellant.

N. R. PATTERSON and W. J. STONE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES— Certifying the law.

The appellee, John Rigo, operates a restaurant in Pineville, Bell county, Ky., and in connection with his restaurant sells soft drinks. He has paid the license fee of $5 required of each retail dealer in soft drinks by section 4224a-1, Kentucky Statutes. On April 7, 1933, he began to retail beer containing not more than 3.2 per cent. alcohol by weight or 4 per cent. alcohol by volume as permitted by the amendment to the Volstead Act passed by Congress at its recent special session (27 USCA sec. 64a et seq.), and which legalized the manufacture and sale of beer of not to exceed that alcoholic content. Appellee was notified by the state tax commission that he must procure a license authorizing him to retail malt liquor as provided by section 4224, Carroll's Kentucky Statutes, 1930 Edition. He refused to pay the $75 license fee prescribed by this section of the

statute, on the ground that he had paid a license fee to the commonwealth under which he was authorized to retail soft drinks, and that the beer which he was selling was a nonintoxicating beverage, and therefore a soft drink, which he had a right to sell under his soft drink license.

He was arrested under a warrant charging him with selling at retail beer, a malt liquor, without procuring a license as required by section 4224 of the Statutes, and on his trial before the county judge was found guilty and fined $100. He appealed to the circuit court, and the case was submitted on an agreed stipulation of facts, which was, in substance, that the defendant had theretofore paid to the commonwealth of Kentucky the license tax provided by section 4224a-1 of the Kentucky Statutes for a retailer of soft drinks, and that he had not paid the license tax required by section 4224 of the Statutes to be paid by a retailer of malt liquors, and that since April 7, 1933, he has sold at retail beer containing 3.2 per cent. of alcohol by weight and 4 per cent. of alcohol by volume. The circuit court sustained defendant's motion to dismiss the warant on the face of the papers and the agreed statement of facts, and the commonwealth has appealed, seeking a certification of the law.

Section 4224 is a part of subdivision 4 of article 12, c. 108, Carroll's Kentucky Statutes, and deals with the amount of license taxes to be paid by persons engaged in any occupations or selling any articles named therein. It was enacted at the 1906 session of the General Assembly. Acts of 1906, c. 22, pp. 88, 194. In fixing the license tax to be paid by a retailer of malt liquors, the act of 1906 provided, ''To retail malt liquors, seventy-five dollars.'' Then these provisions follow: ''To retail spirituous and vinous liquors, one hundred and fifty dollars,'' and ''To retail spirituous, vinous and malt liquors, two hundred dollars.'' It is apparent the Legislature was dealing with intoxicating liquors, and, in fixing the license tax for retailing malt liquors, had in view malt liquor, commonly known as beer, which at that time usually contained a much larger alcoholic content than 3.2 per cent. by weight or 4 per cent. by volume, and was admittedly intoxicating. It was not dealing with nonintoxicating malt beverages.

At its first session after the adoption of the Eight-

eenth Amendment to the Federal Constitution and the Seventh Amendment to our Constitution (226a), prohibiting the manufacture, sale, or transportation of spirituous, vinous, malt, or other intoxicating liquors, except for certain specified purposes, it passed an act fixing license taxes on certain occupations. Acts of 1920, c. 158, p. 678. This act is now sections 4224a-1 and 4224a-2 of the Kentucky Statutes. The act contains this provision: "On each retail dealer in soft drinks and ice cream, five dollars." A retail dealer in soft drinks is defined by the act as follows:

"A retail dealer in soft drinks, within the meaning of this Act, shall be construed to be any person, firm or corporation who sells by retail any non-intoxicating beverage, whether bottled or from the fountain."

Prior to the adoption of the federal and state prohibition enforcement acts, it was held by this court that it would take judicial notice that malt liquors were intoxicating, but subsequent to the passage of these acts this rule has not been applied, and whether or not any beverage referred to as beer or malt liquor is intoxicating must be determined as a question of fact. Kalbfleisch v. Commonwealth, 237 Ky. 32, 34 S. W. (2d) 735; Vanmeter v. Commonwealth, 232 Ky. 404, 23 S. W. (2d) 594; Risner v. Commonwealth, 229 Ky. 486, 17 S. W. (2d) 401.

In Louisville & Nashville Railroad Co. v. Falls City Ice & Beverage Co., 249 Ky. 807, — S. W. (2d) —, decided June 16, 1933, it was held that a malt beverage with an alcoholic content of not exceeding 3.2 per cent. by weight or 4 per cent. by volume is not intoxicating. Not being intoxicating, it can be classed only as a soft drink, and a retail dealer of soft drinks who has paid the tax provided in section 4224a-1 may sell it without paying the additional tax provided by section 4224.

It is true that the state or a municipality may, under the police power, classify soft drinks and impose a higher license fee for the sale of beverages containing alcohol than is exacted for the sale of beverages containing no alcohol. Bradford v. Jones, 142 Ky. 820, 135 S. W. 290. But the Legislature has not deemed it proper to make this distinction. By the prohibition enforcement act passed in 1922, commonly known as the Rash-Gullion Act, now section 2554a-1 et seq. of the

Kentucky Statutes, the sale of intoxicating liquors was prohibited except for sacramental, medicinal, scientific, or mechanical purposes. It is argued that this act repealed so much of section 4224 as prescribes an annual license fee of $75 for the privilege of selling malt liquor, but in view of our conclusion that the act of 1906 was intended to apply only to the sale of intoxicating beverages, it is unnecessary to determine whether or not the act of 1922 had that effect. Certainly this provision of the act of 1906 cannot be invoked so long as section 226a of our Constitution stands.

Section 4224a-1 of the statutes defines a retail dealer in soft drinks as any person, firm, or corporation who sells by retail any nonintoxicating beverage. Thus the Legislature has divided beverages into two classifications, intoxicating beverages, the sale of which is prohibited except for certain purposes, and nonintoxicating beverages, which are treated as soft drinks, although containing alcohol. It is conceded that the beer which appellee sold was nonintoxicating, and it follows that the license tax paid by him to sell at retail soft drinks authorized the sale of the beverage in question.

The circuit court, therefore, did not err in dismissing the warrant. The foregoing is certified as the law.

The whole court sitting.