## Tackett v. Commonwealth.

Oct. 22, 1940.

84

Astor Hogg, Harry L. Moore and Emmett G. Fields for appellant.

Hubert Meredith, Attorney General, and H. Appleton Federa, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

The appellant, W. H. Tackett, and M. D. Bates, Charlie Kiser and W. M. Russell, deceased, were election officers in the Kona voting precinct in Letcher county for the primary election held August 6, 1939. Tackett, Bates and Kiser were indicted for forgery under Section 1581 of the Statutes at the October, 1939, term of the Letcher circuit court. Demurrers to those indictments were sustained. A new indictment was returned on April 6, 1940. The case was set for trial on April 10th. On that day the accused parties asked for a continuance of the case until the next term. It was continued until April 19th. The parties having asked for separate trials, Tackett was tried on that day. He was found guilty and his punishment fixed at three years in the State Reformatory. He is appealing.

The grounds urged for reversal are: (1) The demurrer to the indictment should have been sustained; (2) the court should have granted a continuance of the case; (3) Tackett was entitled to a peremptory instruc-

tion; (4) the swearing of the jury should have been set aside and the case continued; and (5) the verdict is flagrantly and palpably against the evidence.

Section 1581 of the Statutes provides:

"Any officer or other person who shall wilfully alter, obliterate, or wilfully secrete, suppress or destroy the certified poll book, return or certificate of an election, wilfully and unlawfully alter the poll book before it is certified; or any officer who shall make, or aid in making, or authorize the making up of any false or fraudulent poll book, or certificate of an election or election return, shall be deemed guilty of forgery, be confined in the penitentiary from one to five years, forfeit any office he then holds, and be disqualified from ever holding any office. (1892, c. 65, p. 106, Art. XIII, § 16.)"

The appellant has raised the question as to whether or not the crime with which he is charged comes within the purview of the statute just quoted, since the present election laws do not provide for a poll book. It is to be noted that the section under consideration was a part of c. 65 of the Acts of 1892. A previous provision of that chapter, Article III, Section 26, provided in part:

"Any person desiring to vote and legally entitled to vote at such election shall give his name and residence to the clerk holding the ballots, who shall write the same upon the main stub of the ticket in the blank places provided therefor. Such officer shall then mark upon the secondary stub the elector's registered number in all precincts in which a registration law is in force and in all other precincts the elector's full name, and the stub-book for this purpose shall take the place of a poll-book." See Section 1471 of the Statutes.

It can be seen from the foregoing that the stub book was to take the place of the poll book. Clearly the alleged crime comes within the scope of Section 1581. See Commonwealth v. Duff, 87 Ky. 586, 9 S. W. 816, 10 Ky. Law Rep. 617.

It is the contention of the appellant that the accusatory part of the indictment charges the officers with forgery, while the descriptive part charges them with conspiring, confederating, banding themselves together

and agreeing with each other to make up a false and fraudulent poll book. An examination of Section 1581 reveals that an officer who makes, or aids in making, or authorizes the making of any false or fraudulent poll book, shall be deemed guilty of forgery. A careful examination of the indictment leaves no question as to the crime with which the officers were charged. It first charges them with the "crime of forgery, committed in manner and form as follows." It then sets forth that the parties "unlawfully, wilfully and feloniously conspired, confederated, banded themselves together and agreed with each other to make up a false and fraudulent poll book" to be used in the Republican primary, and "to that end to commit the forgeries hereinafter set out. * * *" It then charges that some one or more of the accused, pursuant to the conspiracy, confederation, banding together and agreement, forged and wrote the names of certain persons on the stubs of official ballots, which persons neither voted nor offered to vote at said election. Lastly it charges that the accused were the duly appointed and qualified election officers; that the ballots in question were voted as official ballots for certain candidates and counted as such; and that the alleged felonious acts were done to perpetrate a fraud on certain of the candidates. When the indictment is viewed as a whole (Drury v. Commonwealth, 162 Ky. 123, 172 S. W. 94), it is obvious that there is no conflict between the accusatory and descriptive portions of it. There is only a charge of forgery as defined in Section 1581. See Wallace v. Commonwealth, 229 Ky. 776, 18 S. W. (2d) 290.

As to the second ground urged for reversal, we have noted that the trial judge continued the case on motion of the accused parties from April 10th to April 19th. We find no basis for the contention that the case should have been continued until the next term. As indicated above, it is our view that an examination of the indictment shows clearly the offense with which the parties were charged.

We come now to the contention that a peremptory instruction should have been given in favor of Tackett. We have frequently held that it is not within the province of the trial court to take a criminal prosecution from the jury, if there is any evidence, however slight it may be, showing that the defendant is guilty of the of-

fense charged. Commonwealth v. Ramey, 279 Ky. 810, 132 S. W. (2d) 342; Roaden v. Commonwealth, 248 Ky. 154, 58 S. W. (2d) 364; Tussey v. Commonwealth, 241 Ky. 91, 43 S. W. (2d) 351. The question is, was there any evidence showing that Tackett was guilty of the offense charged? Considerable proof was offered tending to show that Russell was master of ceremonies at the Kona precinct, and that he had made plans to have illegal votes cast in favor of candidates of his choice. There is also proof that bad feeling existed between Russell and Tackett. One witness testified that Tackett wrote out the stubs on the Republican ballots and another that he handled the Republican book. Against this there is proof that other parties had access to this book. Tackett admitted that he wrote the names of certain voters in the stub book, but denied that he wrote others. The attention of the jury was called to the handwriting on these two sets of stubs. In addition Tackett was asked during the trial to write two names which appeared in the stub book. The jury was also shown this writing, along with that in the stub book. It is obvious that there is a marked similarity in the handwriting on the stubs that Tackett admitted he wrote and those that he denied writing. Notwithstanding the testimony that Russell was drinking and had a gun and voted the illegal ballots, there remains the circumstance that Tackett continued to serve as an election officer through the day, though he said that he was absent from the voting place on several occasions. We can not escape the conclusion that there was sufficient evidence to warrant the submission of the case to the jury.

Over the objection of Tackett the court admitted testimony as to conversations Russell had with certain parties about the election when Tackett was not present. Before Tackett began the introduction of his evidence, the court admonished the jury not to consider the evidence as to these conversations. A motion was made to set aside the swearing of the jury and to continue the case on the ground that the evidence the court took from the jury had a pronounced effect on its members and was highly prejudicial. This motion was overruled. Most of this evidence was to the effect that Russell was planning to conduct an illegal election at the Kona precinct. Some reference was made in the alleged conversations that Tackett would be used as an election officer

and that he would be paid some money. We think under the circumstances, in view of the description of the crime denounced in Section 1581, that the admonition of the court was sufficient.

Our comments on the question as to whether Tackett was entitled to a peremptory instruction makes it unnecessary for a second review of the evidence in connection with the contention that the verdict is palpably and flagrantly against the weight of the evidence. The jury found Tackett guilty and fixed his punishment at three years in prison. We do not think this finding is palpably and flagrantly against the weight of the evidence.

Finding no error prejudicial to the appellant's substantial rights, the judgment is affirmed.