## ROBASON v. UNITED STATES.

### No. 2276.

Circuit Court of Appeals, Tenth Circuit.

Oct. 14, 1941.

Hal C. Davis, of Topeka, Kan., for appellant.

Summerfield S. Alexander, U. S. Atty., of Topeka, Kan. (James W. Wallace, Asst. U. S. Atty., of Topeka, Kan., on the brief), for appellee.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

HUXMAN, Circuit Judge.

Appellant, Jerome Frank Robason, was indicted in the United States District Court for the District of Kansas, in an indictment which charged him with violating 27 U.S.C.A. §§ 221–228, commonly known as the Liquor Enforcement Act of 1936. The indictment charged that he transported whisky into the State of Kansas in violation of the Act, Kansas then being a state prohibiting the importation of intoxicating liquors (except for scientific, sacramental, medicinal or mechanical purposes) containing more than 4 per cent of alcohol by volume. A jury was waived and the case was tried to the court. Appellant admitted that he had transported whisky into Kansas. He admitted in open court that if the liquor laws of Kansas brought it within the purview of the Federal Liquor Enforcement Act of 1936, then he would be guilty. The legal question was raised by appropriate pleadings and motions. The trial court found appellant guilty, and he has appealed.

Appellant relies for reversal upon the one point, that Kansas has not brought its liquor laws within the requirement of the 1936 Enforcement Act and therefore he has violated no federal law by transporting intoxicating liquor into Kansas. The

Federal Enforcement Act, so far as applicable, reads as follows:

"§ 223 * * * (a) Whoever shall import, bring, or transport any intoxicating liquor into any State in which all sales (except for scientific, sacramental, medicinal, or mechanical purposes) of intoxicating liquor containing more than 4 per centum of alcohol by volume are prohibited, otherwise than in the course of continuous interstate transportation through such State, or attempt so to do, or assist in so doing, shall: (1) If such liquor is not accompanied by such permit or permits, license or licenses therefor as are now or hereafter required by the laws of such State; or (2) if all importation, bringing, or transportation of intoxicating liquor into such State is prohibited by the laws thereof; be guilty of a misdemeanor and shall be fined not more than $1,000 or imprisoned not more than one year, or both.

"(b) In order to determine whether anyone importing, bringing, or transporting intoxicating liquor into any State, or anyone attempting so to do, or assisting in so doing, is acting in violation of the provisions of this chapter, the definition of intoxicating liquor contained in the laws of such State shall be applied, but only to the extent that sales of such intoxicating liquor (except for scientific, sacramental, medicinal, and mechanical purposes) are prohibited in such State."

Prior to 1937, Sec. 21-2101, General Statutes of Kansas, Annotated, 1935, provided that: "It shall be unlawful for any person to directly or indirectly manufacture, sell, barter, or give away, furnish or keep or have in his possession for personal use or otherwise any spirituous, malt, vinous, fermented or other intoxicating liquors. * * * "

Up to 1937 the Kansas laws did not define an intoxicating liquor. In 1937 the law was amended, defining intoxicating liquors. Sec. 21-2109, 1939 Supplement to General Statutes of Kansas. This enactment provided that: "The terms spirituous, malt, vinous, fermented or other intoxicating liquors as used in sections 21-2101 to 21-2108, inclusive, of the General Statutes of 1935, and all amendments thereto, are hereby defined to include all beverages which contain more than three and two-tenths per cent (3.2%) of alcohol by weight and all such beverages are hereby declared to be intoxicating liquors under the laws of this state."

In 1939 the Kansas Legislature passed Chapter 179 of the Session Laws of 1939. (§§ 21-2190 to 21-2195 of the General Statutes of Kansas for 1939.) The title of Sec. 21-2190 is: "Importations of liquor into state prohibited; exceptions; permits; application; validity; form; rules and regulations; fee; return by consignee." The section proceeds by providing that the importation of all liquors, except for scientific, sacramental, medicinal and mechanical purposes, is prohibited. Then follow regulations for the importation of liquors for scientific, sacramental, medicinal and mechanical purposes by providing a system of permits. Sec. 21-2195 provides that: "This act is intended to qualify Kansas for protection under the twenty-first amendment to the constitution of the United States."

■ Of course the intent of the 1939 Legislature to bring the liquor laws of Kansas within the provisions of the 1936 Federal Enforcement Act would not be sufficient if as a matter of fact it can be said that the provisions of the law do not substantially meet the requirements laid down in the Federal Act. Appellant's position is that 3.2 per cent of alcohol by weight is more than 4 per cent by volume, and that therefore Kansas does not prohibit the sale of intoxicating liquors containing more than 4 per cent by volume of alcohol, as required by the Federal Act.

■ We might well take judicial notice that it is commonly considered and understood that 3.2 per cent by weight and 4 per cent by volume, when applied to the alcoholic contents of beverages are considered one and the same. Courts use the terms interchangeably. See Louisville & Nashville R. R. Co. v. Falls City Ice & Beverage Co., Inc., 249 Ky. 807, 61 S.W.2d 639, 91 A.L.R. 509; Commonwealth v. Rigo, 249 Ky. 824, 61 S.W.2d 900. There was ample proof in the trial establishing that 3.2 per cent by weight of alcohol in a beverage for all practical purposes was the same as 4 per cent by volume. It would serve no useful purpose to recount the evidence on this point. Of course they vary somewhat, depending upon the solid contents, as well as the temperature of the liquid. It is possible that at a given temperature the two are exactly the same, but that if you change the temperature there may result a slight change in the alcoholic contents by weight compared to volume. Appellant also offered some evi-

dence tending to show that it was possible to make a liquid containing 3.2 per cent of alcohol by weight that would contain as much as 4.38 per cent by volume. Other possible concoctions were discussed showing possibilities of considerable variation in the amount of alcohol measured in terms of weight and by volume. Such concoctions, however, are not on the market. They exist only in the realm of speculation and scientific experimentation and possibility.

There is ample evidence that Congress considered that 3.2 per cent by weight and 4 per cent by volume were the same. It used the terms interchangeably. The report of the Committee on Ways and Means upon the Cullen Beer Bill, approved March 22, 1933, 48 Stat. 16, 27 U.S.C.A. § 64A, said: "The bill provides for a manufacturers' excise tax of $5 per barrel on all beer, lager beer, ale, porter and other similar fermented liquor containing * * * not more than 3.2 per cent of alcohol by weight, which is equivalent to 4 per cent by volume."

Further on, the report said: "To make legal the sale of such fermented liquor, the bill provides that the national prohibition act, as amended and supplemented, shall not apply to beer, ale, porter or similar fermented liquor containing 3.2 per cent or less of alcohol by weight, or 4 per cent alcohol by volume."

Mr. Celler, member of the Committee on the Judiciary, which submitted a report on House Bill 8368 to enforce the Twenty-first Amendment to the Constitution, approved June 25, 1936, 49 Stat. 1928, said: "The purpose of the bill is to enforce the twenty-first amendment to the Constitution of the United States, which was declared to be effective on December 5, 1933, and which guarantees Federal protection to 'dry' states against liquor-law violations directed from outside their borders. The bill extends this affirmative protection to States which forbid all sales for beverage purposes of intoxicating liquor containing more than 4 per cent of alcohol by volume (3.2 per cent of alcohol by weight) * * *."

Congress considered that when applied to intoxicants the terms 3.2 per cent by weight and 4 per cent by volume were equivalents. The Kansas Legislature thought that 3.2 per cent by weight was the same as 4 per cent by volume, as is evidenced by the declared policy in the 1939

act that the intention of the Legislature was to qualify Kansas for protection under the Federal Constitution, and all the evidence introduced at the trial established that for all practical purposes the two are one and the same.

The law does not concern itself with trifles or theoretical possibilities; it looks to the substance and not the shadow. We have no difficulty in concluding that the Federal Liquor Enforcement Act is applicable to the State of Kansas.

The judgment is affirmed.