## Burkhart v. Commonwealth.

Oct. 26, 1943.

560

Wm. Lewis & Son for appellant.

Hubert Meredith, Attorney General, and W. Owen Keller, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

Leonard Burkhart and his brother, Arthur, were charged by the grand jury of Laurel County with the murder of Fred Hammons. Upon Leonard's separate trial he was found guilty and his punishment fixed at 21 years in the penitentiary.

The points urged for reversal involve (1) the sufficiency of the evidence to sustain the verdict; (2) the phraseology of the indictment; and (3) the instructions.

The appellant shot Fred Hammons in Clay County near the Laurel County line. Hammons died shortly after he passed over into Laurel County on his way to obtain medical attention. The evidence for both the Commonwealth and the appellant is substantially the same up to the time of the actual shooting. The Burkharts, Hammons and L. P. Martin, a witness for the Commonwealth, were riding along the road together when the Burkhart boys got into an argument over a horse trade. They dismounted and began scuffling after having given their pistols to the other parties. After Leonard had knocked Arthur down, the latter got up, mounted his horse and rode off in the direction from whence the party had come, and did not return to the

scene until after Hammons had been shot twice by Leonard.

The Commonwealth's version of the actual shooting is that, when Arthur left, Leonard demanded that Hammons give him Arthur's pistol, and when he refused to do so he knocked him down and jumped on him. (At this point two persons who testified for the appellant came upon the scene.) While Leonard had Hammons on the ground the latter threw Arthur's pistol over in the road, and when Leonard got off him he got up, rubbing his head, and, while in this unarmed and defenseless position, Leonard, who was standing some 10 feet away, fired two shots into his body.

The appellant's version of the shooting is that, when Hammons arose from the ground, he still had Arthur's pistol and fired one shot at Leonard, the bullet passing through his clothing, and it was thereafter that Leonard fired two shots at Hammons in self defense.

There is conflict in the testimony as to the number of shots which were fired while the difficulty was in progress, but it is obvious from what has been said that there is ample evidence to uphold the verdict. The credibility of the witnesses was for the jury. Decker v. Commonwealth, 278 Ky. 145, 128 S. W. (2d) 600. This disposes of the question as to the sufficiency of the evidence.

As indicated, the indictment was returned in Laurel County. It contained counts of banding and confederating together for the purpose of committing murder, and the murder of Hammons. The appellant insists that a demurrer should have been sustained thereto because the first part of the indictment sets out that the shooting and wounding was done in Laurel County, while the second part recites that it was done in Clay County. It may be conceded the indictment was inaptly drawn, but, when it is viewed as a whole, it shows quite clearly that the appellant was charged with shooting Hammons in Clay County and that he died in Laurel County.

KRS 431.050 provides: "If a mortal wound or other violence or injury is inflicted, or poison administered, in one county, and death ensues in another, the offense may be prosecuted in either county." The indictment could have been returned in either Clay or Laurel County, and, as we have indicated, when it is considered as a whole it conforms substantially to the rules of the Criminal Code

relating to indictments. Certainly it apprised the appellant of the offense with which he was charged, and fully described the acts constituting the offense. This was all that was necessary. Tackett v. Commonwealth, 285 Ky. 83, 146 S. W. (2d) 937; Maggard v. Commonwealth, 287 Ky. 787, 155 S. W. (2d) 228; Rose v. Commonwealth, 294 Ky. 279, 171 S. W. (2d) 435. See, also, Spencer v. Commonwealth, 194 Ky. 699, 240 S. W. 750.

The appellant urges that Instruction No. 1 given by the court ignored the indictment proper and only followed the facts which showed that Hammons was shot in Clay County. It is obvious from what we have said regarding the indictment that the instruction was proper. We might add, we have examined the instructions carefully and find all of them to be proper.

Since we find no error prejudicial to the appellant's substantial rights, the judgment is affirmed.