Polly Jane CALDWELL, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Dec. 1, 1961.

Denver Adams, Hyden, for appellant.

John B. Breckinridge, Atty. Gen., Robert L. Montague, III, Asst. Atty. Gen., for appellee.

PALMORE, Judge.

Indicted and tried for the murder of her husband, Polly Jane Caldwell was convicted of voluntary manslaughter and sen-

tenced to 5 years' imprisonment. She appeals.

The homicide took place late at night on a road not far distant from a garage and welding shop operated by Aubrey Dixon. The decedent, Shelby Caldwell, accompanied by Polly Jane and their little daughter, had driven his car to the shop along about the close of day and they had stayed there all evening. According to Dixon, some work was done on Caldwell's automobile, but Polly Jane says the main and only business was the drinking of some red whiskey Dixon had on hand. At any rate, it is agreed that Caldwell and Dixon did some drinking together there at the shop over a period of several hours, that the Caldwells eventually left in their car, and that within a few minutes thereafter Caldwell was shot and killed a short distance down the road. The car was in the ditch and Caldwell was found dying on the ground when witnesses arrived. Polly Jane and her little girl had disappeared.

Polly Jane testified that when she and her husband and daughter left the shop Dixon went with them and that Dixon and her husband were arguing, Dixon accusing Caldwell of having stolen a pint of liquor from him. She said that when they had ridden "a little piece below the shop" the two men got out to "have it out" and the shooting ensued. She tried to leave in the car but wrecked it and then fled on foot, with Dixon threatening to kill her if she told on him.

Dixon's story is that he did not leave with the Caldwells but heard the shots and went to the scene, where he found Caldwell mortally wounded and alone in the road. Also in the road he found his own pistol, which had been kept in the glove compartment of his automobile back at the garage. He immediately left to summon help and notify the sheriff. His testimony that he was still at the shop when the shots were fired was corroborated by a garage employee who claimed also to have been there at the time. Polly Jane, however, says this witness had left the shop beforehand.

When the sheriff apprehended Polly Jane she admitted, "I killed him, look at my legs, look at me where he kicked me, he tried to kill me." At the trial she said she made this statement out of fear, because Dixon was present with the sheriff and still had his gun with him. However, there was no evidence whatever of any pressure or intimidation that would have justified the court in excluding this confession. Her testimony seeking to avoid it was for the jurors to believe or disbelieve, and her performance under cross-examination leaves little doubt that their judgment was right.

It is contended that without the confession the evidence will not support a conviction. The answer is that aside from the confession the only evidence necessary was that the crime had been committed by someone. Proof of the corpus delicti, as required by Criminal Code of Practice, § 240, and proof of the defendant's guilt are two separate things. Warnell v. Com., Ky.1952, 246 S.W.2d 144, 147. Once the fact of the crime is otherwise proved, that the defendant is the one who did it can be established entirely by his own confession.

Nor was it necessary to instruct on the requirement for other evidence of the corpus delicti than the confession. "It has been repeatedly held that an instruction under Section 240 is not proper or required when the corpus delicti has been sufficiently established by other evidence than the defendant's confession, and that it is not necessary in order to sustain a conviction that there shall be other evidence tending to connect the accused with its commission." Williams v. Com., 1947, 306 Ky. 225, 206 S.W.2d 922, 923. In the case of Warnell v. Com., Ky.1952, 246 S.W.2d 144, on which Polly Jane relies, the evidence was insufficient to prove that death had resulted from criminal rather than natural causes (exposure to the elements). In the instant case there can be no doubt. The evidence was

amply sufficient, without the confession, to establish that Caldwell's death was homicidal.

▮▮ Another suggested ground for reversal is that the court should have given an accomplice instruction as to the testimony of Dixon. Criminal Code of Practice, §§ 241, 242. There may, of course, be a good deal more than meets the eye in this case, but we are confined to the record. Polly Jane says that Dixon did the shooting, with no complicity on her part. He says he had nothing to do with it. That they may have collaborated with each other is purely a speculative possibility. "If there is not some evidence conducing to show that a witness is an accomplice, it is not proper to submit the question * * * to the jury * * *." Elmendorf v. Com., 1916, 171 Ky. 410, 188 S.W. 483, 489; Anderson v. Com., 1918, 181 Ky. 310, 204 S.W. 71. Ownership of the weapon used by another in committing the crime is insufficient, of itself, to raise the issue. Anderson v. Com., 1918, 181 Ky. 310, 204 S.W. 71; Ringstaff v. Com., Ky.1955, 275 S.W.2d 946, 949.

▮▮ A state police detective who investigated the case testified, inter alia, that on the next day following the shooting Polly Jane declined to make a statement but that she later gave him a statement in her attorney's presence and made an additional one at the state police headquarters in Frankfort. Neither of these statements was introduced in evidence, nor were their contents divulged to the jury. For reasons not apparent in the record the Commonwealth made no effort to prove them. It is contended that the tactical objective was to raise in the minds of the jurors some inference with respect to a lie detector test. As the transcript shows no reference whatever to a lie detector test, we are unable to accede to this argument. Nevertheless, it is a questionable practice to elicit testimony concerning a statement that is not expected to be offered in evidence, and this court would not hesitate to reverse on that ground should it appear that prejudice might

reasonably have resulted. In this particular case, though we disapprove the line of questions alluding to statements that counsel for the state apparently did not intend to introduce, we think the failure to prove them was more conducive to an inference that they were not incriminating than to an inference that they were. For this reason we conclude that there was no prejudicial error. Moreover, counsel made no motion for an admonition or for discharge of the jury, as would have been necessary to the preservation of the appellant's rights in this respect. Cf. Senibaldi v. Com., Ky.1960, 338 S.W.2d 915, 920.

Judgment affirmed.